56 F.3d 62
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raynard HILL, a/k/a Sidewalk, Defendant-Appellant.
 No. 94-5375.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 31, 1995
Decided: May 24, 1995
 
 Before NIEMEYER, HAMILTON, and MOTZ,
 OPINION
 PER CURIAM:
 
 
 1
 Raynard Hill entered a guilty plea to conspiracy to possess and distribute crack cocaine, 21 U.S.C.A. Sec. 841(a)(1) (West 1981 & Supp.1994), and carrying and use of a firearm in relation to a drug trafficking offense, 18 U.S.C. Sec. 924(c)(1) (1988), and was sentenced to 130 months. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that in his view there are no meritorious grounds for appeal. Although notified of his right to do so, Hill has not filed a pro se supplemental brief. Finding no error, we affirm the convictions and sentences.
 
 
 2
 Hill's appellate attorney argues that the attorney representing Hill during the plea negotiations was ineffective in that she coerced him into accepting a guilty plea. Ineffective assistance of counsel claims should be raised in a motion under 28 U.S.C. Sec. 2255 (1988) rather than on direct appeal unless the record conclusively demonstrates ineffectiveness. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). The present record does not contain any indication that Hill's first attorney was ineffective. Hence, we reject Hill's claim on appeal.
 
 
 3
 Hill's attorney next argues that the Government should have moved for a downward departure for his rendering of substantial assistance. Upon motion by the Government stating that the defendant has provided substantial assistance in a criminal investigation, the sentencing court may depart downward from the guidelines. United States Sentencing Commission, Guidelines Manual, Sec. 5K1.1 (Nov.1993). A defendant does not, however, have any right to a substantial assistance departure, United States v. Chavez, 902 F.2d 259, 267 (4th Cir.1990), and in the absence of unconstitutional motivations, the Government's refusal to move for one is not subject to appellate review. United States v. Wallace, 22 F.3d 84, 87 (4th Cir.1994). Hill does not argue, nor does the record support a finding, that the Government had an unconstitutional motivation for failing to move for a downward departure. We, therefore, reject this claim.
 
 
 4
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. Accordingly, we affirm the conviction and sentence. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation.* Counsel's motion must state that a copy of his motion was served on the client.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 At this time, we deny counsel's motion to withdraw