68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peggy Banks HARRIS, Defendant-Appellant.
 No. 94-5748.
 United States Court of Appeals, Fourth Circuit.
 Oct. 16, 1995.
 
 Lyn M. Simmons, Newport News, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Ray M. Shepard, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 Before HAMILTON and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM.
 
 
 1
 Peggy Harris appeals her sentence of sixty months following her conviction for possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) (1988). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that Harris's guilty plea was not voluntarily and intelligently made. Harris filed a supplemental pro se brief claiming that the Government breached the plea agreement by failing to move for a downward departure based on substantial assistance, and that the mandatory minimum sentence was imposed contrary to United States Sentencing Commission, Guidelines Manual, Sec. 5C1.2 (Nov.1994). Finding no reversible error after an entire review of the record, we affirm.
 
 
 2
 The district court conducted a thorough Fed.R.Crim.P. 11 colloquy. Specifically, the court inquired into Harris's mental competence and explained to Harris that she was waiving her right to appeal. Harris acknowledged that she signed the plea agreement, understood her rights and the consequences of the plea, consulted with counsel, and was freely and voluntarily pleading guilty and waiving her right to appeal. The plea agreement is valid because Harris made an intelligent and informed decision when she voluntarily pled guilty. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). Further, because the court fully questioned Harris regarding waiving her appeal rights during the Rule 11 hearing, the waiver is valid and enforceable. United States v. Wessells, 936 F.2d 165 (4th Cir.1991); United States v. Wiggins, 905 F.2d 51 (4th Cir.1990). Consequently, we need not address Harris's claim that she was improperly sentenced at the mandatory minimum.
 
 
 3
 Harris's claim that the Government breached the plea agreement by failing to move for a downward departure based on substantial assistance is without merit. Because the plea agreement provided that the Government reserved the option to seek a departure if in the Government's sole discretion Harris provided substantial assistance, the Government did not breach the plea agreement by failing to move for a departure. United States v. Wallace, 22 F.3d 84, 87 (4th Cir.1994).
 
 
 4
 We deny without prejudice counsel's motion to withdraw at this stage of the proceedings. This court requires that counsel inform her client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED