70 F.3d 113
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodolfo J. GUERRA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime GOMEZ-GARZA, Defendant-Appellant.
 Nos. 94-5465, 94-5466.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 30, 1995.
Decided Nov. 14, 1995.
 
 Appeals from the United States District Court for the Western District of North Carolina, at Shelby. Richard L. Voorhees, Chief District Judge. (CR-92-100)
 James R. Walker, Jr., L.T. "Butch" Bradt, Houston, Texas, for Appellants. Mark T. Calloway, United States Attorney, H. Thomas Church, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.
 Affirmed by unpublished per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 In these consolidated cases, Appellants appeal their convictions and sentences pursuant to guilty pleas to conspiracy to possess with intent to distribute marijuana. 21 U.S.C.A. Sec. 846 (West 1981 & Supp.1995). Appellants argue that the district court committed error in failing compel the Government to make a motion for a downward departure for substantial assistance or conduct a hearing regarding the Government's motives for declining to do so. We note at the outset that Appellants waived their right to appeal the Government's discretionary decision regarding the extent of their assistance in their plea agreements.[1] Such waivers are given full effect provided they are knowing and voluntary. See United States v. Wiggins, 905 F.2d 51 (4th Cir.1990); see also United States v. Wessells, 936 F.2d 165 (4th Cir.1991). In this case, the record on appeal contains sufficient indicia of the knowing and voluntary nature of the Appellants' waiver.
 
 
 2
 The waiver notwithstanding, a brief examination of the substance of Appellants' argument reveals that it is without merit. This court may review plea agreements to determine if the Government has fulfilled its obligation to the defendant. Santobello v. New York, 404 U.S. 257, 262 (1971). However, in this case, Appellants failed to move for either specific performance or withdrawal of the plea agreement they believed the Government breached. Nor did the Appellants even suggest to the district court that the Government was acting in bad faith in withholding the motion. Consequently, this court's review of these assignments of error is limited to "plain error." United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993).
 
 
 3
 There is no plain error in this case. As a threshold matter, it is not clear that the Government breached the plea agreement. The terms of the agreement left the "sole discretion" in determining whether the Appellants' assistance was substantial to the Government. Where the Government retains its discretion regarding whether it would make a substantial assistance motion, there is "no enforceable promise" because the plea agreement "explicitly reserved discretion rather than promising anything." United States v. Wallace, 22 F.3d 84, 87 (4th Cir.), cert. denied, 63 U.S.L.W. 3266 (U.S.1994). But see United States v. Knights, 968 F.2d 1483, 1487-88 (2d Cir.1992) (remanding for a hearing despite Government's "sole and unfettered discretion" regarding motion). Here, only when the Government determined Appellants' assistance was indeed substantial did the mandatory language regarding the motion for a departure become binding on the Government. Because it is not clear from the record that the Government breached the plea agreement, the district court did not commit plain error in failing to attempt to remedy the "breach."
 
 
 4
 In support of their argument Appellants cite United States v. Conner, 930 F.2d 1073 (4th Cir.), cert. denied, 502 U.S. 958 (1991), which we find distinguishable. Conner primarily concerns a district court's factual finding that the defendant did not provide substantial assistance and the Government did not breach the agreement. Id. at 1076. Here, Appellants did not argue to the district court that the Government breached the plea agreement. Consequently, the district court was not obligated to make factual findings regarding Appellants' substantial assistance or lack thereof. Further, the Conner plea agreement placed the impetus on the Government to present the evidence of substantial assistance to the district court in order to allow the court to determine the propriety of the Government's decision regarding a motion for substantial assistance. Id. at 1074. Here, the Government retained the "sole discretion" as to whether the Appellants had provided substantial assistance. The parties agreed that the Government, rather than the district court, would make that determination. The district court did not commit plain error in failing to inquire sua sponte regarding the Government's decision.[2]
 
 
 5
 Therefore, we affirm the convictions and sentences. We grant Appellants's motion to file a reply brief out of time and have considered the issues raised in the reply brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 We are of the opinion that the Appellants cannot circumvent the effect of their knowing and intelligent waiver of their appeal rights regarding the Government's determination of the degree of assistance by assigning error to the district court's reaction, or lack thereof, to the Government's decision not to move for a downward departure. However, because the Government did not raise the issue of waiver on appeal, we address the merits of Appellants' argument
 
 
 [2]
 Appellants also urge this court to adopt the holding of the Second Circuit in Knights. In Knights, the Second Circuit remanded to the district court for an inquiry regarding the Government's motives for failing to move for a substantial assistance departure provided for in the plea agreement. Knights, 968 F.2d at 1488. The case is factually distinguishable. In Knights, because the government retained discretion in determining whether the defendant had given substantial assistance, the only possible breach on the part of the government relative to the motion was that the government had withheld the motion in bad faith. See id. at 1487. Here, Appellants failed to assert bad faith in the sentencing court, an assertion the Second Circuit considered a condition precedent to a remand for such a hearing. Id. (citing United States v. Khan, 920 F.2d 1100, 1106 (2d Cir.1990), cert. denied, 499 U.S. 969 (1991)). In fact, at sentencing in this case, counsel for the Appellants described the Government's failure to make the motion as "a good faith disagreement."