**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Darnell WALLACE,
Defendant–Appellant.**

**No. 93–5415.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 7, 1994.

Decided April 25, 1994.

---

Affirmed by published opinion. Judge PHILLIPS wrote the opinion, in which Senior Judge BUTZNER and Senior Judge YOUNG joined.

## OPINION

PHILLIPS, Circuit Judge:

James Darnell Wallace challenges on various grounds the sentence that followed his plea of guilty to a charge of conspiracy to distribute fifty or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a) and 846. Wallace's primary contentions are that pursuant to a plea agreement he provided substantial assistance to the government's investigation of the criminal activities of other persons and that, upon his doing so, the government became obligated under the terms of his plea agreement to file a downward departure motion and, alternatively, that the government's refusal to make such a motion was based on unconstitutional motives, namely racial prejudice. We conclude that neither of these contentions, nor any other challenge to the sentence imposed, has merit, and we therefore affirm the sentence.

## I

On several occasions during the spring and summer of 1992, Wallace sold cocaine base ("crack") to undercover law enforcement officers at various locales in Herndon, Virginia. In January, 1993, Wallace was arrested. In February, he waived indictment and pursuant to the terms of a written plea agreement pled guilty to a one-count criminal information charging him with conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846.

According to the terms of the plea agreement:

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity. J.A. 10. The parties agree that the United States reserves its option to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K of the *Sentencing Guidelines and Policy State-*

**ARGUED:** William Benjamin Moffitt, Moffitt, Zwerling & Kemler, P.C., Alexandria, VA, for appellant. Thomas More Hollenhorst, Asst. U.S. Atty., Alexandria, VA, for appellee. **ON BRIEF:** John Kenneth Zwerling, Lisa Bondareff Kemler, Kyle W. O'Dowd, Moffitt, Zwerling & Kemler, P.C., Alexandria, VA, for appellant. Kenneth E. Melson, U.S. Atty., Alexandria, VA, for appellee.

Before PHILLIPS, Circuit Judge, BUTZNER, Senior Circuit Judge, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.

*ments,*[1] or Rule 35(b) of the Federal Rules of Criminal Procedure,[2] if in its sole discretion, the United States determines that the defendant has provided substantial assistance and that such assistance has been completed. J.A. 12.

The defendant agrees that the decision whether to file such a [substantial assistance] motion rests in the United States' sole discretion. J.A. 15.

Shortly after his plea of guilty, Wallace was interviewed twice by special agents of the United States Drug Enforcement Administration (DEA). During the meetings, both of which lasted several hours, Wallace provided information concerning at least one, and possibly two, of his cocaine suppliers.

When, after these meetings, the government did not file a downward departure motion with the district court, Wallace made a Motion for Specific Enforcement of Plea Agreement. He asked the district court to direct the government to move for a downward departure pursuant to § 5K1.1 of the Sentencing Guidelines. In the motion, Wallace argued that he had complied with the terms of the plea agreement and was thus entitled to a downward departure based on having provided substantial assistance. He asserted that despite the fact that he "provided information to the government regarding the drug activities of an individual who is now the subject of an investigation," the United States "has refused even to submit Mr. Wallace's case to its Substantial Assistance Committee." J.A. 61. In addition, Wallace's motion alleged that the government's failure to file a downward departure motion was based on his race; he is an African American. Finally, the motion alleged that the United States Sentencing Guidelines applied in his sentencing are inherently racist, and that the court should compensate for this bias by directing a downward departure.

The government, in its response, noted the plea agreement provisions leaving the decision whether the defendant provided substantial assistance to the government's "sole discretion." While admitting that Wallace provided information concerning two of his cocaine suppliers, the government contended that both were already targets of DEA investigations. Although Wallace's "cooperation and assistance, to date, has provided additional evidence against these suppliers, [it] can in no way be considered 'substantial.' Even if it were, the defendant has not 'completed' his cooperation as required by the express terms of his plea agreement." J.A. 262. The government further argued that under *United States v. Wade*, 936 F.2d 169 (4th Cir.1991), *aff'd*, — U.S. —, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the government's failure to file such a motion is reviewable only when based on an unconstitutional motive, and no such motive existed here.

At Wallace's sentencing hearing, his counsel reiterated his argument that "crack" cocaine sentences are unconstitutionally disproportionate when compared with sentences for powder cocaine. And he again argued that Wallace gave substantial assistance and should be given a § 5K1.1 downward departure.

The district court denied Wallace's motion. It did so based on the fact that the plea agreement left the decision whether to file a downward departure motion in the sole discretion of the United States Attorney. As for the "cocaine-versus-crack argument," the court noted that it "has been made before, unsuccessfully." J.A. 277–78. While expressing sympathy, the court observed that the issue was one for Congress not the courts and sentenced Wallace to a term of 120 months.

This appeal followed.

---

1. The relevant part of section 5K of the United States Sentencing Commission, Guidelines Manual (USSG) is § 5K1.1 which states in part: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." USSG § 5K1.1.

2. Rule 35(b) allows courts, on motion of the government made within one year of the imposition of the sentence, to reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense.

## II

Here, as in the district court, Wallace challenges the district court's refusal to grant a substantial assistance downward departure on alternative grounds. First, he contends that he was entitled to it as a simple matter of enforcing his plea agreement with the government: the government promised to move for such a departure if he gave substantial assistance, and he had done so. Second, he contends that, independent of the plea agreement, he was entitled to the departure because of his proof that racial discrimination (he being black) was the motive for the government's refusal to make the required motion. We take these in turn.

### A

█ The argument that the plea agreement obligated the government to move for a downward departure upon Wallace's provision of substantial assistance fails for a simple reason. Unlike the plea agreement in *United States v. Conner*, 930 F.2d 1073 (4th Cir.1991), on which he relies, Wallace's contained no binding obligation by the government to make the required motion. The *Conner* plea agreement in critical part provided that "[s]hould [defendant] provide substantial assistance[ ], then the United States *will* recommend . . . ," *id.* at 1074 (emphasis added); the agreement in the instant case imposed no such binding obligation, providing only that "the United States *reserves its option* to seek any departure . . . *if in its sole discretion,* the United States determines that the defendant has provided substantial assistance and that such assistance has been completed." J.A. 12 (emphasis added). The *Conner* agreement gave rise to an enforceable promise as a matter of simple contract law; the agreement in the instant case gave rise to no enforceable promise, explicitly reserving discretion rather than promising anything. Thus, even though the government conceded that Wallace cooperated "fully and truthfully," it did not violate its agreement by nevertheless concluding in its discretion that the assistance thereby given was not "substantial." The district court therefore rightly refused to grant the downward departure as a matter of enforcing the agreement.

### B

█ *Wade v. United States*, —— U.S. ——, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), holds that without regard to whether substantial assistance has in fact been provided by a defendant, in the absence of a government motion a sentencing court may not grant a downward departure on that basis unless (1) the government has obligated itself in a plea agreement to move for such a departure, *id.* —— U.S. at ——, 112 S.Ct. at 1843, or (2) unless, in the absence of such an obligation, it is shown that the government's refusal or failure so to move "was based on an unconstitutional motive." *Id.* —— U.S. at —— - ——, 112 S.Ct. at 1843–44. In the first instance, the departure may be granted upon proof that the plea agreement has been breached by the government. In the second, upon proof of the unconstitutional motive. In either of these cases, a defendant is entitled to an inquiry by the court into the circumstances upon which entitlement turns; in no other case where there has been no government motion is any judicial inquiry warranted.

█ Here, as indicated, there was no enforceable obligation arising from the plea agreement; the government's refusal was a purely discretionary one. That left only the possibility that the discretionary refusal was unconstitutionally motivated by racial bias. As to that possibility, *Wade* imposes upon a defendant the burden to do more than merely allege unconstitutional motive in order to require judicial inquiry. A defendant must go further and make "a substantial threshold showing," failing which he is "not entitle[d] [ ] to a remedy or even to discovery or an evidentiary hearing." *Id.* —— U.S. at ——, 112 S.Ct. at 1844.

█ Here, the district court did not err in determining that Wallace had not made the required showing, and on that basis, in declining to give him the downward departure he sought as remedy. He made the allegation of racial bias, but he supported it with but a single instance of the same United States Attorney's Office having recently moved for downward departure in behalf of

several middle and upper-class white defendants convicted of generally comparable drug trafficking offenses. We cannot find error in the district court's conclusion that evidence of this one episode was insufficient to make the required *Wade* showing.

### III

■ Wallace also makes several other constitutional, and statutory, challenges to his sentence, all related to the use of "cocaine base" in 21 U.S.C. § 841(b).

First, Wallace charges that the demonstrated 100 to 1 sentencing ratio of "cocaine base" to "cocaine powder" in § 841(b) violates the Equal Protection Clause because African Americans are disproportionately sentenced under the stiffer sanction. Second, he claims that the term "cocaine base" as used in 21 U.S.C. § 841(b) and U.S.S.G. § 2D1.1 is unconstitutionally vague. Third, he contends that the 100 to 1 sentencing ratio of "cocaine base" to "cocaine powder" in 21 U.S.C. § 841(b) constitutes racial genocide in violation of 18 U.S.C. § 1091. Wallace's first two claims are foreclosed by direct circuit precedent. *United States v. Thomas,* 900 F.2d 37 (4th Cir.1990); *United States v. Bynum,* 3 F.3d 769 (4th Cir.1993); *United States v. Pinto,* 905 F.2d 47 (4th Cir.1990). As for the third claim, Wallace offered no credible evidence that either Congress or the Sentencing Commission, when establishing the challenged sentencing ratios, did so with the "specific intent" of "destroying" African-Americans or any other racial or ethnic group. In the absence of such a proffer, this claim must also fail.

### IV

For the foregoing reasons, we affirm the sentence imposed by the district court on James Darnell Wallace.

*AFFIRMED.*