50 F.3d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Eugene DEATON, Defendant-Appellant.
 No. 94-5339.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1995.
Decided March 22, 1995.
 
 G. Bruce Park, GOODMAN, CARR, NIXON & LAUGHRUN, Charlotte, NC, for appellant. Mark T. Calloway, United States Attorney, Jerry W. Miller, Assistant. United States Attorney, Asheville, NC, for appellee.
 Before HALL and WILKINS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Carl Eugene Deaton entered a guilty plea to conspiracy to possess with intent to distribute and to distribute more than five kilograms of cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994), and was sentenced to a term of sixty months imprisonment. He appeals this sentence, contending that the district court abused its discretion in denying him a continuance of sentencing. We affirm.
 
 
 2
 At the beginning of Deaton's sentencing hearing, his attorney requested a continuance of unspecified length because he had just learned that the government would not move for a downward departure for substantial assistance. United States Sentencing Commission, Guidelines Manual, Sec. 5K1.1 (Nov.1993). The government attorney had earlier in the day said he would make the motion if Deaton had cooperated sufficiently. However, the case agent subsequently informed the government attorney that Deaton had been "less than cooperative" when he was debriefed, and had tried to conceal the extent of his involvement in the offense. Therefore, no motion was made. Although defense counsel asked for time to confer with the government and with his client before proceeding with the sentencing, the district court denied a continuance.
 
 
 3
 The denial of a continuance is reversible error if the defendant shows that the district court abused its discretion and that he was prejudiced by the denial. United States v. Bakker, 925 F.2d 728, 735 (4th Cir.1991). If Deaton's plea agreement obligated the government to move for a substantial assistance departure in the event he provided substantial assistance, then in the absence of a government motion Deaton could attempt to enforce the agreement by showing that he had rendered substantial assistance. United States v. Wallace, 22 F.3d 84, 87 (4th Cir.), cert. denied, 63 U.S.L.W. 3266 (U.S.1994); United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 502 U.S. 958 (1991). Deaton's plea agreement is not contained in the joint appendix, and the provision in question was not spelled out at the Fed.R.Crim.P. 11 hearing. (JA-I at 37-38). Deaton asserts in his brief on appeal that the agreement "stated that if [Deaton] provided substantial assistance, the government would recommend the appropriate downward departure under Sec. 5K1.1." The government, on the other hand, states that the agreement "provided [Deaton] with an opportunity to receive a downward departure if he provided substantial assistance ... in the investigation and prosecution of others."
 
 
 4
 Assuming arguendo that the plea agreement obligated the government to make the motion, Deaton had the burden of proving that he had indeed provided substantial assistance. Conner, 930 F.2d at 1076. Deaton made no effort to explain what he had done to render assistance to the government, something he could have done without a continuance. On appeal, he similarly fails to describe in what way he assisted the government. While it is conceivable that Deaton may have been unprepared to testify about his assistance at the sentencing hearing, by failing to provide in this appeal any facts on which the district court might have found substantial assistance, Deaton has failed to show that he was prejudiced by the denial of the continuance.
 
 
 5
 We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED