61 F.3d 901
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Charles ANITON, Defendant-Appellant.
 No. 94-5785.
 United States Court of Appeals, Fourth Circuit.
 Argued June 8, 1995.
Decided July 24, 1995.
 
 ARGUED: John Stuart Bruce, Deputy Federal Public Defender, Greensboro, NC, for Appellant. Sandra Jane Hairston, Special Assistant United States Attorney, Greensboro, NC, for Appellee. ON BRIEF: William E. Martin, Federal Public Defender, Greensboro, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, Greensboro, NC, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Michael Charles Aniton pleaded guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1), and one count of possession with intent to distribute cocaine hydrochloride, also in violation of 21 U.S.C. Sec. 841(a)(1). The district court consolidated the two counts for sentencing, and sentenced Aniton to a term of 235 months in prison, which was the term prescribed for the cocaine base offense. The court also imposed a special assessment of fifty dollars for each of the two counts. Aniton advances two arguments on appeal.
 
 
 2
 First, Aniton raises yet another challenge to the sentencing scheme set out in 21 U.S.C. Sec. 841(b), under which offenses involving cocaine base are punished far more severely than offenses involving cocaine powder. See United States v. Wallace, 22 F.3d 84, 88 (4th Cir.1994) (rejecting challenges to "the demonstrated 100 to 1 sentencing ratio of 'cocaine base' to 'cocaine powder' in Sec. 841(b)."). Aniton contends that cocaine base and cocaine are the same substance, and that the district court should have sentenced him under the more lenient sentencing scheme applicable to cocaine offenses, see 21 U.S.C. Sec. 841(b)(1)(A)(ii), rather than under the harsher penalty structure applicable to cocaine base offenses, see 21 U.S.C. Sec. 841(b)(1)(A)(iii). We have consistently rejected challenges to the disproportionate sentencing scheme of section 841(b), see, e.g., United States v. Pinto, 905 F.2d 47, 49 (4th Cir.1990), and indeed earlier this month squarely rejected the very argument advanced by Aniton. See United States v. Fisher, --- F.3d # 6D 6D6D6D# (4th Cir. June 27, 1995) (No. 94-5563). The district court therefore did not err in sentencing Aniton under the cocaine base provisions of 21 U.S.C. Sec. 841(b)(1)(A)(iii).
 
 
 3
 Aniton's second argument is that because the two counts to which he pleaded guilty were "consolidated for the entry of judgment," one of the counts "ceased to have legal significance and could not support a separate special assessment." He thus seeks vacatur of one of the two fifty dollar special assessments imposed by the district court. The district court imposed the twin fifty dollar assessments pursuant to 18 U.S.C. Sec. 3013, which provides that "(a)[t]he court shall assess on any person convicted of an offense against the United States ... (2) in the case of a felony--(A) the amount of $50 if the defendant is an individual." By the plain terms of the statute, the court's obligation to assess fifty dollars per conviction on the defendant arises upon the conviction of the defendant; this obligation is therefore not affected by the court's decisions to consolidate counts for purposes of sentencing. The district court therefore properly imposed an assessment as to each of the counts on which Aniton was convicted.
 
 
 4
 Finding Aniton's arguments to be without merit, we affirm the judgment of the district court.
 
 AFFIRMED