**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-8562

LANCE NATHANIEL MORRISON, a/k/a
Blink,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CR-93-155-BO)

Submitted: September 24, 1996

Decided: October 22, 1996

Before ERVIN and WILKINS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. James Payne, POWELL & PAYNE, Shallotte, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, William
Arthur Webb, Assistant United States Attorney, Jannika Cannon,
Third Year Law Intern, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Lance Nathaniel Morrison appeals his sentence imposed pursuant to his conviction for a drug offense. He claims the district court erred by failing to review the Government's refusal to move for a downward departure in his sentencing. We affirm.

Morrison pled guilty pursuant to a written plea agreement. Pursuant to the plea agreement, Morrison agreed to testify, whenever called upon to do so by the Government, fully and truthfully in any proceeding. Morrison also agreed to submit to a polygraph examination whenever requested by the Government. The agreement provided that the results of these examinations would be admissible only at Morrison's sentencing, and the Government would rely on these results in determining whether Morrison fulfilled any obligation under the agreement. The Government agreed that it would make known to the sentencing court the full extent of Morrison's cooperation, including whether the Government deemed Morrison to have substantially assisted authorities, but the Government did not promise to move for a downward departure based on substantial assistance.

The district court sentenced Morrison to 480 months of imprisonment. Morrison subsequently failed three polygraph examinations, and the Government notified Morrison that it would not move for a downward departure. Morrison then moved in the district court to compel the Government to file a motion for a downward departure pursuant to Fed. R. Crim. P. 35. The district court denied Morrison's motion, and Morrison timely appealed.

Morrison's plea agreement did not impose a binding obligation on the Government to move for a downward departure. The plea agreement provided only that the Government would make known to the sentencing court the full extent of Morrison's cooperation, including

2

whether the Government deemed Morrison to have substantially assisted authorities, but the Government specifically did not promise to move for a downward departure based on substantial assistance. Thus, the agreement in the instant case gave rise to no enforceable promise, explicitly reserving discretion rather than promising anything. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3266 (U.S. Oct. 3, 1994) (No. 94-5653). When the decision to make the downward departure motion is within the sole discretion of the Government, a district court may review the Government's refusal to file a substantial assistance motion, and grant a remedy, if the court finds that the refusal: (1) is based on an unconstitutional motive, such as race or religion; or (2) is not rationally related to a legitimate government objective. Wade v. United States, 504 U.S. 181, 184-87 (1992). However, before a judicial inquiry is required, a defendant has the burden to do more than merely allege an unconstitutional motive. Wade requires that a defendant must go further and make a substantial threshold showing, failing which he is not entitled to a remedy or even a judicial inquiry into the government's motive for refusing to move for a downward departure. Id. at 186.

Morrison failed to make such a substantial threshold showing, and thus, the district court did not err by failing to conduct a judicial inquiry into the Government's motive. Morrison's claim that the Government's motive was unconstitutional because it was not rationally related to any Government interest is meritless. The Government claimed that its refusal to move for a downward departure was justified by its interests in encouraging defendants to fulfill their plea agreements and not rewarding routine cooperation, to which a defendant has already obligated himself, with a motion for substantial assistance. Morrison's plea agreement explicitly made the results of the polygraph examination admissible at sentencing to determine whether Morrison had fulfilled any obligation under the agreement. The results of Morrison's polygraph examinations showed that he failed to fulfill his obligation under the plea agreement. Thus, the Government's refusal to move for a downward departure was rationally related to a legitimate interest. See id.

Accordingly, we affirm Morrison's sentence. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4