**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 95-5631

SAMUEL BENJAMIN KELLY, a/k/a Tiz,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                        No. 95-5632
JOHN AUSTIN EDWARDS, a/k/a
Doquan Cooper, a/k/a Shakim,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 95-5633

JEFFREY MAILLARD, a/k/a Spice,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 95-5634

CAMILLE FORD,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5635

ANTHONY MERRICK, a/k/a C,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5636

MORRIS EUGENE HAYES, a/k/a Easy,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-94-163)

Argued: November 1, 1996

Decided: February 26, 1997

Before HALL and LUTTIG, Circuit Judges, and THORNBURG,
United States District Judge for the Western District
of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Sa'ad El-Amin, EL-AMIN & CRAWFORD, Richmond,
Virginia; James O. Broccoletti, ZOBY & BROCCOLETTI, Norfolk,

2

Virginia; Melvin J. Radin, Norfolk, Virginia, for Appellants. Laura Pellatiro Tayman, Assistant United States Attorney, Norfolk, Virginia, for Appellee. **ON BRIEF:** Cary B. Bowen, BOWEN & BOWEN, Richmond, Virginia, for Appellant Hayes; Milton B. Widenhouse, Jr., FEDERAL PUBLIC DEFENDER'S OFFICE, Raleigh, North Carolina, for Appellant Merrick; Kenneth Bruce Willis, Norfolk, Virginia, for Appellant Maillard. Helen F. Fahey, United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Between 1989 and 1994, Robert Gillins established and operated a drug trafficking enterprise based principally in New York City with distribution points in various cities in the eastern United States. Gillins' brother-in-law, appellant Samuel Kelly, operated a drug trafficking enterprise in Richmond, Virginia, which merged with Gillins' enterprise in 1993. Appellant Jeffrey Maillard managed Gillins' drug operations in Philadelphia, Pennsylvania. Gillins, Kelly, and Paul Ebanks (co-organizer for the enterprise's operations in Norfolk, Virginia) recruited associates in New York City to work as distributors, bodyguards, enforcers and couriers for the enterprise's crack cocaine distribution. The record establishes that the enterprise obtained approximately 20 kilograms of cocaine per week, to be cooked into crack cocaine and distributed by the organization in the Tidewater and Richmond areas of Virginia; Philadelphia; Baltimore; Charlotte; and Columbia, South Carolina. J.A. at 894-95. The record also evidences the enterprise's fondness for weaponry and propensity for violence.

On December 2, 1994, a federal grand jury in Norfolk indicted 21 defendants for conspiracy to distribute crack cocaine and cocaine and related offenses. Appellant Samuel Kelly was charged with conspir-

3

acy to distribute crack cocaine and cocaine, operating a continuing criminal enterprise, possession with intent to distribute two kilograms of crack cocaine, and conspiracy to commit money laundering. Appellants John Edwards, Jeffrey Maillard, Camille Ford, Anthony Merrick and Morris Eugene Hayes were each charged with conspiracy to distribute crack cocaine and cocaine. Several of the other defendants, including Robert Gillins, pleaded guilty to various offenses and agreed to cooperate with the government.

At the conclusion of the trial, the jury returned a verdict finding Samuel Kelly, John Edwards, Jeffrey Maillard, Camille Ford, Anthony Merrick and Morris Eugene Hayes guilty of conspiracy to distribute crack cocaine and cocaine. Samuel Kelly was also found guilty of operating a continuing criminal enterprise and conspiracy to commit money laundering, but found not guilty of possession with the intent to distribute two kilograms of crack cocaine. Two other defendants, Alfred Cleveland and James Cousins, were found not guilty by the jury.

Appellants raise thirteen arguments challenging their convictions, none of which is meritorious.

I.

During voir dire, prospective juror Samuel Bracey indicated that his son had been prosecuted for conspiracy. Although Bracey stated that he thought that he could decide the case fairly, he also declared that he thought the law of conspiracy was unfair and admitted that he felt hostility toward the court because his son's probation had been revoked. J.A. at 147-49. Judge Smith removed Bracey for cause.

A district court's determination to excuse a juror for cause is entitled to "special deference." Patton v. Yount, 467 U.S. 1025, 1038 (1984). The district court conducted a particularized inquiry into Bracey's ability to serve impartially and correctly excused Bracey because of Bracey's stated hostility toward the court in question regarding the very law to be applied in this case.

II.

Appellants argue that government agents' notes from the debriefing of Paul Ebanks constituted Jencks Act "statements" that had to be

produced upon request. The Jencks Act defines "statement" in relevant part as "a written statement made by said witness and signed or otherwise adopted or approved by him." 18 U.S.C.§ 3500(e)(1). The agents' notes were not transcriptions, nor were they approved by Ebanks. Rather, the agents merely asked follow-up questions for clarification or to ensure that their notes were correct. Ebanks himself testified to that effect: "Like I talk street, and I mean they would have to ask it back to me sometimes, though, to make sure I had the proper -- they had the proper language, the proper communication. I might say something in the street, and they wouldn't understand, and they would ask it back to me." J.A. at 371.

The agents' requests for clarification, even when met with confirmation from Ebanks, cannot be classified as adoption or approval of a statement. As this court has recently stated,"a government agent's interview notes that `merely select[ ] portions, albeit accurately, from a lengthy oral recital' do not satisfy the Jencks Act's requirement of a `substantially verbatim recital.'" United States v. Roseboro, 87 F.3d 642, 645 (4th Cir. 1996), quoting Palermo v. United States, 360 U.S. 343, 352 (1959). Furthermore, even if the notes did constitute a "substantially verbatim recital," they did not become the witness' statement unless the witness read them or the agent read them to him. Id. This requirement is not satisfied where, as here, the agent only read back occasional excerpts for clarification. Therefore, the district court did not err in concluding that the notes were not producible as Jencks Act material.

III.

Appellants also argue that the district court erred in overruling their objections to the prosecution's closing argument rebuttal.

During trial, defense counsel cross-examined government witnesses regarding alleged omissions in their grand jury testimony and debriefing statements and later commented on these alleged omissions during closing arguments. In response, the prosecution stated during rebuttal that "a witness is not impeached if a question was not previously asked." J.A. at 1382. The prosecution continued by urging the jury to "keep in mind that the grand jury presentation of their testimony is a condensed version of the debriefing process, and it is

5

entirely possible, if not probable . . . that the question was not asked of the witness when he appeared before the grand jury, or the question was not even asked perhaps when he was debriefed initially." J.A. at 1382-83. Defendants argue that these comments constituted improper opinion and involved matters not in evidence before the jury. However, these responses to the defense attorneys' arguments were appropriate commentary upon the absence of contradictory or inconsistent prior statements by government witnesses.

Defendants also argue that it was improper for the prosecutor to note during closing argument that each of the eight defendants was represented by an attorney, and that if the "client's interests are served by trying to mislead or confuse . . . within the limits of the law, that is [the attorney's] job, and that is what he is going to do." J.A. at 1402. Defendants argue that this comment violated due process and punished defendants for exercising their right to counsel. Even assuming that this comment constituted error, such error clearly did not "so prejudice[ ] the trial process as to require reversal." United States v. Harrison, 716 F.2d 1050, 1051 (4th Cir. 1983). This court's test for such prejudice consists of four factors:

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

Id. at 1052. Each of these four factors weighs heavily against a finding of prejudice.

Therefore, the district court did not commit reversible error in overruling defendants' objections to the prosecution's closing argument rebuttal.

IV.

Appellants object to the district court's admission of evidence regarding: (1) the February 1992 murder of Gregory Woodward; (2)

6

a meeting called by Robert Gillins, in July 1992 in Philadelphia; (3) a meeting of the co-conspirators on New Years Eve of 1992 in New York City; (4) a meeting of the co-conspirators in Spring of 1993 in Baltimore; and (5) evidence that Robert Gillins had threatened Anthony Moore, a government witness. Each of the first four incidents is relevant and probative to establishing the existence of conspiracy between the defendants and others to violate the federal narcotics laws, and to establishing the elements of the continuing criminal enterprise charged in Count Two. The fifth, evidence that Robert Gillins had threatened a government witness, was relevant to the witness' credibility. The admission of the testimony in question certainly did not constitute a "clear abuse of discretion" requiring reversal. United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992).

V.

Appellants John Edwards and Jeffrey Maillard argue that the evidence was insufficient to support their convictions for conspiracy to distribute narcotics. Under United States v. Brooks, 957 F.2d 1138 (4th Cir. 1992):

> Once it has been shown that a conspiracy exists, the evidence need only establish a slight connection between the defendant and the conspiracy to support conviction. A defendant need not have knowledge of his coconspirators, or knowledge of the details of the conspiracy. And a defendant may be convicted despite having played a minor role in the overall conspiracy.

Id. at 1147. Coupled with this broad definition of conspiracy is the very deferential standard of review for sufficiency of the evidence claims. The question on appeal is "whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant[s] guilty beyond a reasonable doubt." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). This standard is easily met with regard to both Edwards and Maillard.

The abundant evidence against the two men need not be recited in full. Representative of the evidence against Edwards is that Ebanks

7

testified that Ivan Gibson asked Edwards "if he could sell some drugs down there [in Ohio], and [Edwards] said it was okay, there was no problem." J.A. at 188. Similarly, representative of the evidence against Maillard is the testimony that Maillard provided false identification documents for Paul Ebanks, Robert Gillins, and Pete Johnson, J.A. at 592-93, and the testimony that William Lisby and Terrance James delivered kilogram quantities of crack cocaine to Maillard for the Philadelphia operation, J.A. at 682-84, 880.

VI.

Appellants offer a bevy of additional arguments, none of which is meritorious.

Appellants argue that the district court effectively directed a verdict against them by telling the jury that the defendants should be found guilty of conspiracy if they sold drugs for profit. This argument fails because the court actually responded to the jury's question regarding whether a buyer is part of a conspiracy if he sells drugs for profit by telling the jury that such a buyer is part of a conspiracy "provided the elements of instruction 20 are met." J.A. at 1432. Therefore, the district court did not, as appellants argue, tell the jury that selling drugs for profit is sufficient for a conspiracy conviction.

Appellant Ford challenges the amount of drugs which the district court attributed to her. However, it was not clearly erroneous for the district court to conclude, "based upon the trial testimony, [the district court's] review of [its] notes, and in particular Mr. Lisby and Mr. Wilmot's testimony, as bolstered by the other witnesses," that Ms. Ford was responsible for 31 kilograms of powder cocaine. J.A. at 1505-06.

Appellants also argue that the 100 to 1 sentencing ratio of cocaine base to cocaine powder violates the Equal Protection Clause because it has a disproportionate impact on the black population. We have explicitly held, however, that this alleged disparity does not violate the Equal Protection Clause. United States v. Wallace, 22 F.3d 84, 88 (4th Cir. 1994).

8

Appellant Anthony Merrick contends that his three prior convictions from New York should be counted as only one offense because they "were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, appl. note 3. However, Merrick's prior cases were heard on the same date only because of a "backlog in New York." J.A. at 1458. The district court noted that the prior offenses resulted in separate convictions and separate sentences and that no order of consolidation had been entered. J.A. at 1460-61. The mere fact that the cases were heard on the same day does not constitute consolidation.

Appellant Merrick also argues that the district court erred in not granting him a two point reduction for being only a minor participant in the conspiracy. Merrick argues that he was a"mere courier." However, the district court noted that Merrick "is personally responsible for 194.06 kilograms of crack cocaine, was a bodyguard carrying a firearm for the major distributor for the organization in Richmond, and furthermore, operated in this conspiracy from August of 1990 through February of 1991, and May of 1993 through January of 1994." J.A. at 1448. The district court's conclusion was not clearly erroneous.

Finally, appellant Samuel Kelly argues that his simultaneous criminal prosecution and forfeiture constitutes double jeopardy. However, review of claims of double jeopardy in a single proceeding "is limited to ensuring that the total punishment did not exceed that authorized by the legislature." United States v. Halper, 490 U.S. 435, 450 (1989). Kelly presents no evidence that his punishment exceeded that authorized by Congress.

CONCLUSION

For the reasons stated herein, the judgment of the district court is affirmed.

AFFIRMED.

9