UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 98-4283

MICHAEL SHAW,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 98-4486

MARK ANTHONY SHAW,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-97-114)

Submitted: April 30, 1999

Decided: June 11, 1999

Before LUTTIG, HAMILTON, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

I. S. Leevy Johnson, Columbia, South Carolina; Dwight C. Moore,
BELL & MOORE, P.A., Sumter, South Carolina, for Appellants. J.

Rene Josey, United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Shaw (Michael) and Mark Anthony Shaw (Mark) each pled guilty to conspiracy to possess crack cocaine with intent to distribute, see 21 U.S.C. § 846 (1994), and received sentences of 384 months and 270 months, respectively. They appeal their sentences. Michael Shaw contends that the district court clearly erred in finding that he was a leader or organizer of the conspiracy, see U.S. Sentencing Guidelines Manual § 3B1.1(a) (1997), and plainly erred in assigning two criminal history points for committing the instant offense while on probation. See USSG § 4A1.1(d). Mark Shaw maintains that the district court erred in not compelling the government to move for a downward departure for substantial assistance, see USSG § 5K1.1, p.s., and in finding that he was a manager or supervisor. See USSG § 3B1.1(b). We affirm the sentence in both cases.

I.

Between 1994 and January 1997, Michael Shaw obtained cocaine from at least two sources in New York City, cooked the cocaine into crack, and distributed it in Columbia, South Carolina with the help of a number of people he hired to sell it. Among those who worked for him were Wayne Morton and Travis Smalls. Michael also used Della Richburg and Bernadette Griffin to transport cocaine from New York to South Carolina. Morton testified at Michael's sentencing hearing that Michael convinced him to come to South Carolina from Philadelphia to sell drugs in early 1995, that he was paid $500-700 a week, and that he turned over between $12,000 and $40,000 in receipts to

2

Michael each night that he worked for about six months. He also said that Michael directed him to bury the drugs rather than keep them on his person and forbade him to sell on credit. Smalls was recruited by Mark Shaw, Michael's brother, but Smalls had to get Michael's approval to begin work because "it was his organization." Smalls said Michael restricted his distributors to a certain area, telling them that if they went elsewhere and were caught, he would not bail them out.

In May 1996, when Michael began a 90-day prison sentence for assaulting his estranged wife, Mark attempted to keep the drug business going, according to Smalls, who also testified at Mark's sentencing. Mark distributed crack to the street sellers and collected the money each day. Special Agent Moore testified at both sentencing hearings that he had interviewed other participants in the conspiracy, and that their statements corroborated Smalls' testimony.

II.

At his sentencing, Michael claimed that he and everyone associated with him in crack distribution were independent contractors over whom he exercised no authority. We review the district court's role determination for clear error. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997). Based on the testimony of Morton and Smalls, however, the district court did not clearly err in finding that Michael was in charge in that he recruited and controlled the activities of Morton, Smalls, Richburg, and Griffin, and claimed the largest share of the profits.

The district court adopted, without objection, the probation officer's recommendation to award Michael two criminal history points for committing the offense while under a criminal justice sentence. See USSG § 4A1.1(d). Because no objection was made, we review the court's decision for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993) (when issue not preserved, defendant must show that error occurred which was plain, affected substantial rights, and must be corrected to protect fairness, integrity, or public reputation of judicial proceedings).

The points were correctly awarded because Michael continued selling crack with Smalls' help after he served his 90-day sentence for

3

assault and began serving a term of four years and nine months probation imposed at the same time. He argues that "the offense" of conspiracy is limited to the agreement to commit a crime and some voluntary participation in it, which in this case occurred before he was sentenced for the assault. However, the commentary to § 4A1.1 specifies that two points should be added if "any part of the instant offense (i.e., any relevant conduct), was committed while the defendant was under a criminal justice sentence. See USSG§ 4A1.1, comment. (n.4). Therefore, no error occurred.

III.

Mark asserts that his plea agreement contained a binding promise by the government to move for a departure under USSG§ 5K1.1 if he provided substantial assistance. He argues that the government breached the plea agreement by refusing to make the motion at sentencing, and that he is entitled to resentencing with directions to compel the government to move for a departure.

We find that Mark's plea agreement did not contain a binding promise to move for a departure. The government retained the discretion to determine whether Mark's assistance was substantial. Therefore, the agreement did not give rise to an enforceable promise to make a departure motion. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). In the absence of a contractual agreement for a motion, the district court could compel the government to move for a departure only if its refusal to do so was based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992). Defense counsel did not allege that any unconstitutional motive played a part in the government's decision, nor is any asserted on appeal. Consequently, the district court did not err in finding that there was no basis on which to compel the government to move for a substantial assistance departure.

Finally, Mark challenges the district court's determination that he was a manager or supervisor in the conspiracy while Michael was in prison. The adjustment is given to a defendant who managed or supervised at least one other participant in an offense that involved five or more participants or was otherwise extensive. See USSG § 3B1.1(b). In the district court, Mark testified that he had very limited involve-

ment in his brother's drug business, and did not manage or supervise any of the participants. On appeal, he concedes that he was a manager or supervisor in the offense while Michael Shaw was in prison, but argues that the adjustment should not apply because there were only three people involved during that time. However, the conspiracy as a whole involved more than five participants, and adjustments are determined on the basis of relevant conduct. <u>See</u> USSG § 1B1.3(a)(1)(B), (a)(2) (in drug conspiracy, defendant is accountable for acts of others in furtherance of the conspiracy and that were part of same course of conduct or common scheme or plan). We find that the district court did not clearly err in finding that Mark was a manager or supervisor.

Accordingly, the sentences are affirmed. We grant the government's motion for leave to file separate briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5