UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 99-4012

JAMES EARL BAKER, a/k/a Ban,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-98-52-F)

Submitted: June 8, 1999

Decided: September 24, 1999

Before NIEMEYER and HAMILTON, Circuit Judges, and HALL,*
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.

_____

*Senior Judge Hall participated in the consideration of this case but
died prior to the time the decision was filed. The decision is filed by a
quorum of the panel pursuant to 28 U.S.C. § 46(d).

Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

James Earl Baker was convicted pursuant to his guilty plea of being a felon in possession of a firearm. On appeal, he alleges that the Government breached the terms of the plea agreement by not advising the sentencing court of the full extent of his cooperation. Finding no error, we affirm.

Baker, who had previously been convicted of several violent felonies, shot another man following a fight. As part of his plea agreement, Baker agreed to cooperate with authorities, and the Government in turn promised to "make known to the Court at sentencing the full extent of the Defendant's cooperation."[1] The Government reserved the right to file a motion for downward departure or reduction of sentence pursuant to USSG § 5K1.1,[2] 18 U.S.C. § 3553(e) (1994), or Fed. R. Crim. P. 35, if, in its sole discretion, Baker provided substantial assistance. At sentencing, the Government informed the court that Baker had been debriefed but that it was not making any motions based on substantial assistance at that time.

Because Baker did not object to the Government's characterization of his cooperation at sentencing, we review his claim for plain error and find none. See United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir.

_____

[1] See Joint Appendix at 18.
[2] U.S. Sentencing Guidelines Manual (1997).

2

1997). Baker bears the burden of proving that the Government breached the plea agreement, and we find that he has failed to meet this burden. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). Although Baker alleges that the Government did not advise the sentencing court of the full extent of his cooperation, he does not state what additional cooperation he provided, nor do we find anything in the record which suggests that the Government withheld any positive information.

Accordingly, we affirm Baker's conviction and sentence. We grant the Government's unopposed motion to have the case decided on the briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3