UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                          No. 00-4329

KEITH ANTHONY BUDD,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-98-519)

Submitted: December 8, 2000

Decided: February 20, 2001

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Keith Anthony Budd, Appellant Pro Se. Deborah A. Johnston,
OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Mary-
land, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Keith Anthony Budd appeals his conviction and 135-month sentence imposed after he pled guilty to conspiracy to possess with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 846 (1994). He contends that (1) his guilty plea was not knowingly and voluntarily entered because he was not informed of the mandatory minimum sentence or that the amount of drugs was an element of the offense; (2) the Government breached the plea agreement by failing to move for a substantial assistance departure under *U.S. Sentencing Guidelines Manual* § 5K1.1, p.s. (1998); (3) the district court erred in determining the amount of drugs attributable to him and in enhancing his base offense level for possession of a firearm;* and (4) counsel provided ineffective representation. Finding no reversible error, we affirm in part and dismiss in part.

Budd challenges the validity of his guilty plea on the ground that he was not informed of the mandatory minimum sentence. The record belies his claim. The district court briefly mentioned the mandatory minimum sentence at the conclusion of the plea hearing. Moreover, because the sentencing guideline range to which Budd was subject was longer than the ten-year mandatory minimum sentence, any error was harmless. *United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999) (providing standard).

Budd also asserts that his guilty plea is invalid because he was not informed that the amount of drugs is an element of the offense. As support for his claim, he relies on *Apprendi v. New Jersey*, 120 S. Ct. 2348, 2362-63 (2000). Because Budd received a sentence that is less than the statutory maximum set forth in 21 U.S.C.A. § 841(b)(1)(C) (West 1999) (providing for twenty-year maximum without regard to drug quantity), his claim fails. *See United States v. Angle*, 230 F.3d 113, 123 (4th Cir. 2000), *petition for reh'g filed*, Oct. 26, 2000 (No. 96-4662).

---

*Although Budd frames this issue as one challenging the factual basis for his plea, his arguments pertain to the establishment of the sentencing guideline range.

Next, Budd contends that the Government breached the plea agreement by failing to move for a substantial assistance departure under *U.S. Sentencing Guidelines Manual* § 5K1.1, p.s. (1998). Because the Government retained the discretion to file a § 5K1.1 motion and because Budd failed to allege an unconstitutional motive or that the failure to file was not related to a legitimate government end, his claim is without merit. *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994) (citing *Wade v. United States*, 504 U.S. 181, 185-86 (1992)).

Budd also challenges the amount of drugs attributable to him and the imposition of a two-level enhancement for possession of a firearm. Budd waived his right to appeal his sentence in his plea agreement, and we find that the waiver was made knowingly and voluntarily. *United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995) (providing standard). We therefore dismiss this portion of the appeal.

Finally, Budd asserts that his counsel provided ineffective assistance in numerous ways. We decline to address these claims on direct appeal because counsel's ineffectiveness does not conclusively appear from the record. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255), *cert. denied*, 120 S. Ct. 837 (2000).

Accordingly, we affirm Budd's conviction and sentence and dismiss his sentencing guidelines claims for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART AND DISMISSED IN PART*