**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 00-4476

MARINO JIMENEZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-99-113)

Submitted: March 22, 2001

Decided: March 29, 2001

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Haakon Thorsen, Charlotte, North Carolina, for Appellant. Douglas Scott Broyles, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Marino Jimenez appeals his convictions and the 135-month sentence imposed after he pled guilty to two counts of possessing with intent to distribute crack cocaine, in violation of 21 U.S.C.A. § 841(a) (West 1999). Jimenez' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious grounds for appeal. Jimenez was informed of his right to file a pro se supplemental brief but has failed to do so. After a thorough review of the record, we affirm.

Jimenez' counsel first questions whether counsel provided ineffective assistance in the district court but alleges no specific instances of potential ineffectiveness. Claims of ineffective assistance of counsel, however, generally are not cognizable on direct appeal unless error is apparent from the record, which is not the case here. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255), *cert. denied*, 528 U.S. 1096 (2000).

Jimenez' counsel also asserts that the Government engaged in prosecutorial misconduct by failing to file a motion for substantial assistance under *U.S. Sentencing Guidelines Manual*, § 5K1.1, p.s. (1998). Because Jimenez did not raise this issue in the district court, our review is only for plain error. *United States v. Wells*, 163 F.3d 889, 900 (4th Cir. 1998) (stating standard of review), *cert. denied*, 528 U.S. 841 (1999). We find no plain error given that the Government was not obligated to make the motion. *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994) (finding no binding obligation when government reserved right to determine whether substantial assistance provided).

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. We therefore affirm Jimenez' convictions and sentence and deny Jimenez' motion to substitute attorney. This court requires that counsel inform his client, in writing,

of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*