**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

RODRICK DAJAUNA DULA, a/k/a
Rodrick Duane Dula,
                    *Defendant-Appellant.*

No. 01-4608

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

RODRICK DAJAUNA DULA, a/k/a
Rodrick Duane Dula,
                    *Defendant-Appellant.*

No. 01-7091

Appeals from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-282-V, CA-00-188-5-1)

Submitted: April 19, 2002

Decided: May 3, 2002

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

---

No. 01-4608 affirmed and No. 01-7091 dismissed by unpublished per
curiam opinion.

---

## COUNSEL

Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellant; Rodrick Dajauna Dula, Appellant Pro Se. Robert J. Conrad, Jr., United States Attorney, Brian Lee Whisler, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In No. 01-4608, Rodrick Dajauna Dula appeals his conviction for conspiracy to possess with intent to distribute, and distribution of, cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999), and his sentence of 188 months' imprisonment. In No. 01-7091, Dula appeals the district court's order granting in part and denying in part his 28 U.S.C.A. § 2255 (West Supp. 2001) motion. With respect to No. 01-4608, we affirm Dula's conviction and sentence. With respect to No. 01-7091, we deny a certificate of appealability and dismiss the appeal.

Following a Federal Rule of Criminal Procedure 11 hearing, the district court accepted Dula's plea of guilty to conspiracy to possess with intent to distribute cocaine base. The Government declined to move for a departure from the Guidelines under *U.S. Sentencing Guidelines Manual* § 5K1.1 (2000). The district court denied Dula's motion for departure under U.S.S.G. § 5K2.0 and sentenced him to the minimum term of imprisonment, as calculated under the Sentencing Guidelines, of 188 months, supervised release for five years, and a special assessment of $100.

Dula filed a motion pursuant to 28 U.S.C.A. § 2255, asserting claims of ineffective assistance of counsel and violation of *Apprendi*

*v. New Jersey*, 530 U.S. 466 (2000). The Government filed a motion for summary judgment. The district court granted in part and denied in part Dula's § 2255 motion and the Government's motion for summary judgment, dismissing all of Dula's claims except for his ineffective assistance of counsel claim based upon his counsel's failure to file an appeal. The district court then vacated the criminal judgment and entered a new judgment with the same sentence and conditions from which Dula could file a direct appeal. Dula noted timely appeals both from his conviction and sentence and from the district court's judgment as to his § 2255 motion.

In the appellate brief prepared by counsel in No. 01-4608, Dula contends that the Government breached its agreement to file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 after preventing him from providing additional information which could have amounted to substantial assistance. Dula's plea agreement, however, contained no unconditional promise to file a motion for downward departure but instead left the decision to the Government's discretion. Dula makes no claim that the Government's refusal to grant a downward departure was based upon an unconstitutional motive. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994). Furthermore, the Government presented objective support for its decision to withhold the § 5K1.1 motion, and Dula has failed to demonstrate that the Government acted in bad faith. *See United States v. Snow*, 234 F.3d 187, 190-91 (4th Cir. 2000). Accordingly, we hold that the district court did not err in concluding that the Government did not breach the plea agreement. Therefore, we affirm Dula's conviction and sentence in No. 01-4608.

In No. 01-7091, Dula argues that the district court erred by partially dismissing his § 2255 motion, contending that his sentence violates *Apprendi* and that his counsel was ineffective in regard to his guilty plea. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss Dula's appeal of the denial of his § 2255 motion in No. 01-7091 on the reasoning of the district court. *See United States v. Dula*, Nos. CR-98-282; CA-00-188-5-1 (W.D.N.C. May 31, 2001).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 01-4608 - *AFFIRMED*

No. 01-7091 - *DISMISSED*