**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

CAROL JEAN ARNETTE,
    *Defendant-Appellant.*

No. 03-7034

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Jerome B. Friedman, District Judge.
(CR-01-16)

Submitted: September 11, 2003

Decided: September 25, 2003

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Carol Jean Arnette, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Carol Arnette appeals from the district court's denial of her motion to compel the Government to file a Federal Rule of Criminal Procedure 35(b) motion for substantial assistance. On May 2, 2001, Arnette, pursuant to a written plea agreement, pled guilty to possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1). She was sentenced to 120 months' imprisonment. Arnette's plea agreement specifically stated that the Government retained "sole discretion" over whether it would file a 35(b) motion on her behalf to reduce her sentence for substantial assistance.

Where the government retains its discretion regarding whether it will make a substantial assistance motion, there is "no enforceable promise" because the plea agreement "explicitly reserv[ed] discretion rather than promising anything." *See United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994). Because the government had the discretion to choose whether to make the motion, the district court could only review the government's failure to make the motion if the decision was based on an unconstitutional motive. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992); *Wallace*, 22 F.3d at 87. To necessitate the court's review, Arnette was required to make a substantial threshold showing that transcended a mere recitation of the assistance she provided. *Wade*, 504 U.S. at 186. Neither a claim that the defendant merely provided substantial assistance nor additional but generalized allegations of improper motive would entitle her to a remedy or to discovery or an evidentiary hearing. *Id.*

We have reviewed the record in the instant case and conclude Arnette has failed to make a substantial threshold showing that the Government's exercise of discretion under the plea agreement was unconstitutional. We therefore affirm the district court's denial of her motion to compel the Government to file a Rule 35(b) motion on her behalf. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*