**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4778**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

SARAH BETH MECKLEY,

              Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.  (1:15-cr-00049-IMK-MJA-1)

Submitted:  May 31, 2016            Decided:   June 17, 2016

Before DUNCAN, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, FEDERAL PUBLIC DEFENDER'S OFFICE, Clarksburg, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Andrew R. Cogar, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sarah Beth Meckley pled guilty to arson of a building used in interstate commerce in violation of 18 U.S.C. § 844(i) (2012). The district court sentenced her to a 60-month prison term, the statutory mandatory minimum. On appeal, Meckley challenges her sentence, arguing that the Government engaged in prosecutorial misconduct when it failed to move for a substantial assistance downward departure under U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (2015). We affirm.

Meckley contends that she provided substantial assistance to the Government, warranting a Government motion for a downward departure on her behalf. Meckley's plea agreement contained no promise by the Government to make a substantial assistance motion.

In the absence of a Government motion for a substantial assistance downward departure, a court may review the prosecutor's decision not to move for a departure only if the refusal is based on an unconstitutional motive, such as race or religion, or is not rationally related to a permissible government objective. United States v. LeRose, 219 F.3d 335, 342 (4th Cir. 2000) (citing Wade v. United States, 504 U.S. 181, 185-86 (1992)). Before the court may inquire into the Government's reasons for refusing to file the motion, a

2

defendant must make a "substantial threshold showing" of impropriety.  Id. (citing Wade, 504 U.S. at 186).

In an attempt to make this "substantial threshold showing" of impropriety, Meckley detailed her efforts at cooperation and explained the extent of her assistance.  However, "[e]xplanations of the extent of a defendant's assistance" are insufficient to meet the burden of making a substantial threshold showing of impropriety.  LeRose, 219 F.3d at 342-43 (citing Wade, 504 U.S. at 187).  Likewise, "[m]ere allegations of unconstitutional motives" are insufficient to meet this threshold showing.  Id. at 342 (citing United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994)).

Meckley argues that her assistance was similar to, if not greater than, assistance provided by other persons who were given the benefit of a substantial assistance motion.  Thus, she asserts that this raises an inference of improper motive. However, this speculation based on comparisons with other defendants is not a basis for showing improper motive.  "Wade does not mandate a game of comparisons."  Rather, an "allegation of disparate treatment" is "legally irrelevant" to the determination of whether the refusal to move for a substantial assistance departure amounts to prosecutorial misconduct. United States v. Butler, 272 F.3d 683, 687 (4th Cir. 2001) (citing LeRose, 219 F.3d at 342-43).

Because Meckley has failed to make a substantial threshold showing of impropriety in the prosecutor's decision not to move for a departure, the district court properly declined to review the basis for the prosecutor's decision. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED