**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5383

OTIS JEFFREY HASTY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-93-225-V)

Submitted: March 11, 1997

Decided: March 24, 1997

Before HAMILTON and LUTTIG, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

B. Grant Smithson, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Robert J. Conrad, Jr., Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Otis Jeffrey Hasty was convicted pursuant to his guilty pleas of one count each of carjacking (18 U.S.C. § 2119 (1994)), using or carrying a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1) (1994)), and possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1) (1994)). On appeal, he argues that USSG § 5K1.1* is unconstitutional and that he received ineffective assistance of counsel. Finding no error, we affirm.

The basic facts of the case are undisputed. Hasty pointed a gun at the head of a woman using an ATM machine and demanded that she give him money. When she had difficulty using the machine, he demanded that she give him her car. The victim complied, and Hasty drove away. Hasty was apprehended the next day while driving the victim's car.

Although Hasty provided authorities with some information, the Government declined to make a motion for downward departure, and Hasty filed a motion for the district court to declare USSG § 5K1.1 unconstitutional. Hasty concedes that "a defendant has no right to discovery or an evidentiary hearing [on the Government's decision not to make a motion for downward departure] unless he makes a `substantial threshold showing'" that the decision was based on unconstitutional grounds. Wade v. United States, 504 U.S. 181, 186 (1992); see also United States v. Wallace, 22 F.3d 84, 87-88 (4th Cir. 1994). Hasty's sole argument is that this standard violates his due process rights because it is almost impossible to make such a showing.

We reject Hasty's argument. The threshold requirement here is no different from any other threshold requirement; it promotes the efficient administration of justice, and it is not unconstitutional. Moreover, since Hasty never alleged that the decision not to file a motion for downward departure was based on improper motives, we find that he has no basis to complain that the current standard is too high.

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

Finally, unless counsel's errors are apparent on the face of the record, claims of ineffective assistance of counsel are not cognizable on direct appeal. <u>United States v. DeFusco</u>, 949 F.2d 114, 120-21 (4th Cir. 1991). Such claims are more appropriately raised in a motion filed pursuant to 28 U.S.C. § 2255 (1994), <u>amended by</u> Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. <u>Id.</u> Finding no such errors in the record before us, we find that Hasty's claim is not cognizable on direct appeal.

We therefore affirm the findings and sentence of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3