**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4064

MARIA GONZALES, a/k/a Maruja
Gonzalez,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T.S. Ellis, III, District Judge.
(CR-90-415)

Submitted: September 30, 1997

Decided: October 16, 1997

Before ERVIN, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Frank Salvato, Alexandria, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, James L. Trump, Assistant United States
Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Maria Gonzales appeals from the district court's order denying her motion to compel the Government to file a motion pursuant to Fed. R. Crim. P. 35(b). Gonzales asserts that she provided substantial assistance and that the Government agreed to file such a motion. Finding no reversible error, we affirm.

Gonzales was a leader in a major drug conspiracy, and a jury convicted her of several drug trafficking offenses. After trial but before sentencing, Gonzales offered to cooperate with the Government in the hope of receiving a reduced sentence. She entered into an agreement that required her to cooperate fully with investigators. In exchange, the Government agreed that it might, in its sole discretion, file a Rule 35(b) motion. Gonzales provided some information to investigators and convinced her husband to cooperate, but the Government informed the court that it believed Gonzales withheld information. In addition, Gonzales denied significant aspects of her guilt at sentencing and during debriefings. As a result, the Government stated it did not deem her information reliable or substantial and declined to file a Rule 35(b) motion. Gonzales filed a motion to compel the Government to file a Rule 35 motion, which the district court denied after several hearings.

A district court may inquire into the Government's motives not to file a Rule 35(b) motion in limited circumstances. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). The court may review whether the prosecutor's decision was based upon an unconstitutional motive. Id. Gonzales does not allege any such motive. The court may also examine whether the Government breached the terms of the cooperation agreement. Id. This theory is the basis of Gonzales's motion.

We find that the plain language of the cooperation agreement gave the Government total discretion over whether to file a Rule 35(b) motion and in assessing whether she in fact provided substantial assistance. Therefore, there was no breach of the written agreement. Gonzales alleges, however, that the Government modified the terms of the

2

agreement when the prosecutor informed defense counsel that Gonzales provided substantial information and that she anticipated filing a Rule 35(b) motion.* After hearing testimony on this issue, the district court was not persuaded by Gonzales's evidence and found that the Government did not modify the terms of the agreement or promise to file a Rule 35(b) motion. We uphold such factual findings absent clear error. See United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994).

We find that the record supports the district court's conclusions. We therefore affirm the district court's order denying Gonzales's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

*We note that the prosecutor's alleged statements concerning the value of Gonzales's information were made, if at all, prior to Gonzales's denials of guilt at sentencing.

3