**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4193

QUON SIMONE MOSES,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4321

TIMOTHY LAMONT RUFF,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-96-56)

Submitted: January 27, 1998

Decided: February 20, 1998

Before HALL, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Philip J. Roth, Jr., Asheville, North Carolina; C. Gary Triggs, C.
GARY TRIGGS, P.A., Morganton, North Carolina, for Appellants.

Mark T. Calloway, United States Attorney, Thomas G. Walker, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On February 22, 1996, Quon Simone Moses, Timothy Lamont Ruff, and two other persons participated in the armed robbery of an automobile dealership. As a result of the incident Moses and Ruff each voluntarily pled guilty to conspiracy to obstruct and delay commerce and interfering with commerce by threats or violence in violation of 18 U.S.C.A. § 1951 (West 1984 & Supp. 1997), and aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence in violation of 18 U.S.C.A.§ 924(c) (West 1976 & Supp. 1997), and 18 U.S.C. § 2 (1994). Moses was sentenced to 207 months of imprisonment. Ruff was sentenced to 360 months of imprisonment. Moses and Ruff now appeal their convictions and sentences. We affirm.

Moses' claim that there was insufficient evidence to sustain his conviction under § 924(c) on an aiding and abetting theory is without merit. A valid guilty plea constitutes admission of material elements of the crime, see McCarthy v. United States, 394 U.S. 459, 466 (1969), and the plea is itself a conviction of the offense charged. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). Therefore a defendant who pleads guilty has admitted his guilt and cannot challenge the sufficiency of the evidence presented as a factual basis for his guilty plea. United States v. Willis, 992 F.2d 489, 490-91 (4th Cir. 1993). Accordingly, by voluntarily and intelligently pleading guilty Moses relinquished his right to challenge the sufficiency of the evidence presented in support of his conviction. See id.

2

Moses next alleges that the district court erred in failing to reduce his base offense level pursuant to United States Sentencing Guidelines Manual § 3B1.2 (1995), which allows a reduction for a "minimal" or "minor" participant in the conspiracy. Because this determination is essentially a factual question, this court reviews it for clear error. 18 U.S.C.A. § 3742(e) (West 1985 & Supp. 1997); United States v. Gordon, 895 F.2d 932, 934 (4th Cir. 1990). The evidence before the sentencing court was that Moses helped plan the robbery, traveled with the others to the dealership prior to committing the robbery in order to examine the location, and then later returned to the dealership to commit the robbery. During the robbery Moses actively stood guard, took possession of $12,800, and handed a pair of scissors to an accomplice who then used to the scissors to stab the dealership owner. In light of this evidence demonstrating that Moses played an integral role in the robbery for which he was convicted, we do not find it was clear error for the sentencing court to deny Moses a reduction for his role in the offense.

Ruff's sole claim on appeal is that the Government breached a material term of his plea agreement by not moving for a substantial assistance downward departure under USSG § 5K1.1. Ruff's plea agreement did not contain an unconditional promise by the Government to make a § 5K1.1 motion; rather, the United States promised to determine, in its sole discretion, whether substantial assistance had been rendered and to make the motion if it determined that Ruff had done so. Prior to sentencing the United States approached Ruff to schedule a debriefing and he refused to cooperate. (Brief of Appellant at 18). Because the plea agreement imposed no binding obligation on the United States to move for a departure unless Ruff provided substantial assistance and Ruff initially refused to cooperate, we find that the United States did not violate the plea agreement. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). Accordingly, Ruff's claim is without merit.

We therefore affirm Moses' and Ruff's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED