**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 97-7109

MARY BROWN DALE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Graham C. Mullen, District Judge.
(CR-91-15-ST-MU, CA-95-104-5-MU)

Submitted: March 17, 1998

Decided: March 30, 1998

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marcia G. Shein, Atlanta, Georgia, for Appellant. Mark T. Calloway,
United States Attorney, Brian L. Whisler, Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mary Brown Dale pled guilty to conspiracy to possess with intent to distribute between one thousand and three thousand kilograms of marijuana, 21 U.S.C. § 846 (1994). She was sentenced to 132 months' imprisonment. Dale did not appeal her conviction or sentence, but filed a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), contending that the Government breached the plea agreement by failing to move for a downward departure and contending that she received ineffective assistance of counsel. The district court denied both claims but granted a certificate of appealability. Dale timely noted an appeal from the district court's order. We find no merit to her claims.

Dale contends that the Government breached the plea agreement by acting in bad faith and failing to file either a motion for a downward departure under U.S. Sentencing Guidelines Manual § 5K1.1 (1991), or a motion to reduce her sentence under Fed. R. Crim. P. 35, in light of Dale's substantial assistance. The district court may inquire into the reason for the government's decision not to move for a departure for substantial assistance only if there is proof that the plea agreement has been breached or that the government's decision was based on an unconstitutional motive, such as racial or religious bias. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994) (citing Wade v. United States, 504 U.S. 181, 185-87 (1992)). Dale's plea agreement reserves to the Government the sole discretion to decide whether to file a motion for a downward departure based upon substantial assistance. The plea agreement states:

> By virtue of this Plea Agreement the defendant, MARY BROWN DALE, agrees to provide truthful information about any and all criminal activity within her knowledge . . . . When and if said assistance has been completed the government, in good faith and in its sole discretion, shall determine whether said assistance has been substantial. Upon a determination that the defendant has rendered substantial assistance the government shall make a motion pursuant to § 5K1.1 if prior to imposition of sentence, or a

2

motion pursuant to Federal Rule of Criminal Procedure 35, if within one year from imposition of sentence, recommending a downward departure from the Sentencing Guidelines to a level 25.

The Government did not breach the plea agreement by failing to move for a reduction because the agreement contained no unconditional promise and therefore, created no enforceable obligation on the part of the Government. See id.

Because the decision to move for a downward departure was within the sole discretion of the Government, the decision is not reviewable unless the Government based its decision upon an unconstitutional factor, such as race. See Wade v. United States , 504 U.S. 181, 185-87 (1992). Although Dale contends that the Government's decision was made in bad faith and that she did in fact provide substantial assistance to the Government, there is no evidence that the Government's failure to move for a departure was based on an unconstitutional motive. Accordingly, the Government's decision is not subject to review. See id.

Dale also alleges that she received ineffective assistance of counsel because her attorney failed to investigate her mental health background. In addition, she contends that counsel failed to alert the sentencing court that she suffered from a nervous condition that may have warranted consideration of a downward departure or mitigation of sentence for diminished mental capacity under USSG §§ 5K2.0, 5K2.13, 5H1.3 (1991). To state a claim of ineffective assistance of counsel in the context of a guilty plea, Dale must establish that her attorney's performance fell below objective standards of reasonableness and that there is a reasonable probability that but for counsel's errors, she would not have pled guilty. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Strickland v. Washington, 466 U.S. 668, 687-94 (1984). Dale failed to establish either element.

Dale's trial counsel filed an affidavit in which he stated that he did not notify the court of Dale's mental condition at sentencing because he was unaware of the condition until family members informed him of it sometime after Dale was incarcerated. Counsel also stated that he had some concerns about whether Dale was "coping with her situa-

3

tion in an appropriate fashion;" however, he had no way of knowing the severity of her problems at the time of the proceedings. As the district court properly noted, Dale provided no medical proof of her condition. The presentence report stated only that she was diagnosed with chronic anxiety neurosis and that she had been treated with Valium. In addition, Dale stated under oath during sentencing that she had never been treated for mental illness. Dale does not allege that she would not have pled guilty had counsel discovered her alleged diminished capacity, nor has she established that even had counsel discovered her condition and notified the court, her condition would have warranted a downward departure in her sentence. In light of these facts, we find that counsel's performance was not objectively unreasonable and that Dale was not prejudiced by counsel's actions. See Strickland, 466 U.S. at 687-94.

We affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4