**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                     No. 97-4831

NATHAN PELZER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-96-163)

Submitted: July 14, 1998

Decided: August 3, 1998

Before WILKINS and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, Frank D. Whitney, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Nathan Pelzer pleaded guilty to conspiring to possess with intent to distribute and to distribute cocaine base in violation of 21 U.S.C. § 846 (1994) and was sentenced to 168 months' imprisonment. On appeal, Pelzer's attorney discusses whether Pelzer was denied effective assistance of counsel and whether the Assistant U.S. Attorney committed prosecutorial misconduct by failing to move for a downward departure. However, counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. Pelzer did not file a pro se supplemental brief. We affirm.

Police arrested Pelzer and another individual upon seizing 168.5 grams of crack cocaine and two pistols found in their possession. A federal grand jury indicted Pelzer on the following counts: (1) drug conspiracy in violation of 21 U.S.C. § 846 (1994); (2) possession with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and using and carrying a firearm and aiding and abetting the same during a drug trafficking offense in violation of 18 U.S.C. § 924(c) (1994).[1] After Pelzer failed to appear for his calendar call and jury selection, a grand jury returned a superseding indictment against him charging him with two additional counts of using and carrying a firearm during and in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) and for failing to appear for calendar call in violation of 18 U.S.C. § 3146(a) (1994). Pelzer subsequently entered a straight-up plea to all five counts of the superseding indictment, and requested the appointment of new counsel, to which the court agreed.

After newly appointed counsel's attempts to renegotiate the plea, the Government agreed to allow the striking of the straight up plea and to allow Pelzer to plead guilty to a single count of drug conspir-

───────────────────────────────

[1] Although his co-conspirator agreed to plead guilty to the drug conspiracy count in exchange for the Government dropping the other charges against him, Pelzer at that time did not respond to a similar offer made to him.

2

acy, the same plea entered into by his co-conspirator. The terms of the plea agreement included a waiver of the right to appeal except as to claims of prosecutorial misconduct and ineffective assistance of counsel. After conducting a thorough Fed. R. Crim. P. 11 colloquy and finding that Pelzer knowingly, and voluntarily entered his plea, the court accepted the plea agreement, and sentenced Pelzer in accordance with the Sentencing Guidelines to 168 months' imprisonment.

Pelzer's first claim, that he was subject to prosecutorial misconduct because the United States Attorney failed to move for a downward departure based on substantial assistance under USSG§ 5K1.1,[2] is without merit. Although couched in terms of a prosecutorial misconduct claim, Pelzer's argument is essentially an attack on the Government's decision not to move for a downward departure, a claim explicitly waived in the plea agreement, to which Pelzer entered into voluntarily. The plea agreement specifically states:"Any determination that the defendant has failed to provide substantial assistance . . . is within the sole discretion of the United States, and the defendant waives all objections and rights of appeal or collateral attack of such a determination." (J.A. at 48).

The district court conducted a thorough Fed. R. Crim. P. 11 colloquy. Pelzer acknowledged that he signed the plea agreement, understood his rights and the consequences of the plea, consulted with counsel, and was freely and voluntarily pleading guilty and waiving his right to appeal. The plea agreement is valid because Pelzer made an intelligent and informed decision when he voluntarily pled guilty. See North Carolina v. Alford, 400 U.S. 25, 31 (1970). Further, because the court fully questioned Pelzer regarding waiving his appeal rights during the Rule 11 hearing, the waiver is valid and enforceable. See United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). In light of the above, we find that Pelzer waived this claim.[3]

_____

[2] U.S. Sentencing Guidelines Manual § 5K1.1 (Nov. 1997).
[3] Pelzer's argument that the Government breached the plea agreement by failing to move for a downward departure based on substantial assistance is similarly without merit because the plea agreement provides that that determination is within the sole discretion of the Government. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994).

Pelzer next claims that he was denied effective assistance of counsel. Such a claim should be raised by motion under 28 U.S.C. § 2255 (West 1994 & Supp. 1998), in the district court and not on direct appeal unless it "conclusively appears" from the record that defense counsel did not provide effective representation. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). The record does not conclusively show that any of Pelzer's attorneys were ineffective.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Pelzer's conviction and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

4