**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 98-4620

RONALD LEE WILSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-97-866)

Submitted: May 25, 1999

Decided: June 3, 1999

Before ERVIN, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. William Earl Day, II, Assistant United States Attorney,
Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ronald Lee Wilson pled guilty to witness tampering, see 18 U.S.C.A. § 1512(a)(1)-(2) (West Supp. 1999), and to carrying and using a firearm during and in relation to a crime of violence. See 18 U.S.C.A. § 924(c) (West Supp. 1999). He received a sentence of 240 months for the witness tampering count--the statutory maximum for an offense involving an attempted murder of a witness--and a consecutive five-year sentence for the § 924(c) count. Wilson's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that in his view there are no meritorious issues for appeal. Wilson has filed a pro se supplemental brief in which he (1) disputes the district court's finding that he breached his duty under the plea agreement to testify truthfully and to pass a polygraph examination, (2) argues that he did not have a supervisory role, see U.S. Sentencing Guidelines Manual § 3B1.1(b) (1997), and (3) argues that he accepted responsibility for his conduct. See USSG § 3E1.1. Wilson also requests the appointment of new counsel. After a review of the record, we deny the motion for new counsel and affirm.

After Wilson's friend Robert Benton was arrested on drug charges, Wilson and others tried to kill Carl Knight, who was suspected of being an informant. Also involved were Benton's girlfriend, Benton's mother, an employee of Benton's, and friends Calvin Thomas and Leon Brant. After several attempts at ambush failed, Knight was accosted at his home by Thomas, Wilson, and Brant. Knight was shot eight times, but survived. Wilson's plea agreement called for him to provide truthful information about the attempted murder as well as drug distribution and another murder in which he was a suspect, and to pass a polygraph examination. The government agreed to recommend a departure pursuant to USSG § 5K1.1, p.s. if Wilson cooperated as required by the plea agreement and the government deemed his assistance to be substantial. At sentencing, the government refused to move for a departure, informing the district court that Wilson had testified at the Knight attempted murder trial so as to minimize his own involvement and had failed the polygraph examination concern-

2

ing the other murder. The district court found that Wilson had failed to fulfill his obligations under the plea agreement.

In the Anders brief, counsel suggests that the government breached the plea agreement by refusing to move for a substantial assistance departure, but acknowledges that the government had reserved discretion to decide whether Wilson had provided substantial assistance. Therefore, the government was not obligated to make the motion. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994) (no binding obligation when government reserved right to determine whether substantial assistance provided). We agree that no breach occurred.

We have considered the additional issues raised by Wilson in his supplemental brief and find no fault with the district court's rulings. In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED