**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                      No. 99-4474

MARDENA THOMAS,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                      No. 99-4498

ANTHONY GILLIANS,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.
                                                                        No. 99-4619
BARRINGTON ISAACS, a/k/a Orville
Griswold,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-98-356)

Submitted: April 20, 2000

Decided: May 10, 2000

Before WILKINS, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dale T. Cobb, BELK, COBB, CHANDLER & GOLDSTEIN, Charleston, South Carolina; David K. Haller, THE RICHTER FIRM, Mt. Pleasant, South Carolina; Douglas H. Westbrook, Charleston, South Carolina, for Appellants. J. Rene Josey, United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Barrington Isaacs, Mardena Thomas, and Anthony Gillians appeal their convictions and sentences for various charges arising from their participation in a drug conspiracy. Isaacs pled guilty to participation in a conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, conspiracy to import cocaine, and conspiracy to engage in money laundering. The district court sentenced him to concurrent terms of imprisonment of 262 months on the drug counts, as well as a concurrent term of 240 months on the money laundering count. Thomas pled guilty to conspiracy to engage in money laundering. The district court sentenced her to a term of imprisonment of seventy months. Gillians pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base. The district court sentenced him

2

to a term of imprisonment of 240 months. Finding no reversible error, we affirm.

The Appellants raise six issues on appeal: (1) whether the district court erred in imposing a four level upward adjustment on Isaacs' sentence for a leadership role pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(a) (1998); (2) whether the district court erred in denying Isaacs' motion for a downward departure pursuant to USSG § 5K2.0; (3) whether the Government breached Thomas' plea agreement by failing to move for a downward departure based on substantial assistance; (4) whether the district court clearly erred in deciding that Thomas should not receive an adjustment for acceptance of responsibility; (5) whether the district court improperly found that Gillians waived his right to object to the amended information filed by the Government pursuant to 21 U.S.C.A. § 851 (West 1999); and (6) whether the district court erred in finding that Gillians' 1993 drug conviction was a "prior conviction for a felony drug offense" and that his mandatory minimum sentence was properly enhanced pursuant to 21 U.S.C.A. § 841(b)(1)(A) (West 1999).

A four-level adjustment in the offense level is warranted under § 3B1.1(a) if the "defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). The defendant must have been the organizer or leader of at least one or more other participants. See USSG § 3B1.1, comment. (n.2). The determination that the defendant played an aggravating role in the offense is essentially a factual question reviewed for clear error. See United States v. Sheffer, 896 F.2d 842, 846 (4th Cir. 1990). We find that based on Isaacs' own concessions, the adjustment was not clearly erroneous. The record establishes that Isaacs was the leader of at least one other member of a conspiracy that involved five or more participants. Accordingly, the district court correctly applied USSG § 3B1.1 to increase Isaacs' offense level by four levels.

We also find that the district court did not err in denying Isaacs' motion for a downward departure pursuant to USSG§ 5K2.0. Isaacs claims that he was entitled to the departure because he stipulated deportability and consented to deportation upon his release from prison. A district court's decision not to depart from the sentencing

3

guidelines is not subject to appellate review unless the refusal to depart is based on the mistaken belief that the court lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). The record establishes that the court fully considered Isaacs' proffered grounds for departure but found no aggravating or mitigating circumstances that were "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." USSG § 5K2.0. The court's decision therefore is not subject to appellate review.

Thomas contends that the Government breached its plea agreement with her by failing to move for a downward departure for substantial assistance pursuant to USSG § 5K1.1. Through an oral motion at sentencing, Thomas sought a downward departure, which the district court treated as a motion for specific performance. Because the plea agreement did not obligate the Government to move for a departure, the district court was permitted to inquire into the reasons for the Government's decision not to move for a departure only if there was proof that the Government's decision was based on an unconstitutional motive, such as racial bias. See Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). Because Thomas makes no claim that the Government's refusal to recommend a downward departure was based upon an unconstitutional motive, we find that the district court properly denied Thomas' oral motion for a downward departure.

Thomas also contends that the district court erred in refusing to award a decrease in her base offense level for acceptance of responsibility under USSG § 3E1.1. This court reviews a district court's decision to deny an acceptance of responsibility adjustment for clear error. See United States v. Holt, 79 F.3d 14, 17 (4th Cir. 1996). To receive a reduction under USSG § 3E1.1 for acceptance of responsibility, a defendant must prove by a preponderance of the evidence that she has clearly recognized and affirmatively accepted personal responsibility for her criminal conduct. A guilty plea does not automatically entitle a defendant to the reduction. See United States v. Harris, 882 F.2d 902, 905 (4th Cir. 1989). Because the presentence report ("PSR") and Thomas' statements at sentencing do not demonstrate that she accepted responsibility for her part in the conspiracy,

4

we find that the district court properly denied an adjustment for acceptance of responsibility.

Finally, we find that the district court correctly concluded that Gillians' plea agreement contained an implicit agreement that he would not object to a sentencing enhancement for his 1993 drug conviction pursuant to 21 U.S.C.A. § 851 (West 1999). We further agree with the district court's finding that Gillians' drug conviction was a prior conviction for a felony drug offense pursuant to 21 U.S.C.A. § 841(b)(1)(A) (West 1999). See United States v. Howard, 115 F.3d 1151, 1158 (4th Cir. 1997); United States v. Hansley, 54 F.3d 709, 717 (11th Cir. 1995).

Accordingly, we affirm the convictions and sentences of Isaacs, Thomas, and Gillians. We deny the Government's motion to supplement the joint appendix and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5