UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

J. W. SULLIVAN, JR.,
          *Defendant-Appellant.*

No. 00-4358

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-98-207-2-6)

Submitted: November 30, 2000

Decided: December 14, 2000

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Andrew R. Mackenzie, BARRETT MACKENZIE, L.L.C., Green-ville, South Carolina, for Appellant. Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

J. W. Sullivan, Jr., appeals from his conviction and sentence imposed for possession with intent to distribute crack cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1999) and 18 U.S.C. § 2 (1994). His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but asserting that the traffic stop during which the drugs were discovered was an unlawful search and seizure and that the government breached the plea agreement by failing to move for a downward departure from the sentencing guidelines or move for a reduction in sentence based on Sullivan's substantial assistance to the government. Sullivan was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

Sullivan contends that the drugs found incident to a police stop of the vehicle in which he was riding should have been suppressed as the fruit of an illegal stop. We find that this argument was waived by Sullivan's guilty plea and his failure to preserve, in his plea agreement, the right to challenge the search. *See* Fed. R. Crim. P. 11(a)(2); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Sullivan next contends that the government breached the plea agreement by failing to move for a downward departure or a reduction in sentence based on Sullivan's assistance to the government. Our review of the record discloses no plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993); *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994).

In accordance with the requirements of *Anders*, we have considered the entire record on appeal and find that there was no reversible error. Accordingly, we affirm Sullivan's conviction and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served

on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*