UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　*Plaintiff-Appellee,*

v.

JOSE GARCIA,

　　　　　*Defendant-Appellant.*

No. 01-4603

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-98-1136)

Submitted: June 26, 2002

Decided: July 19, 2002

Before WILKINS and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Lionel S. Lofton, LOFTON & LOFTON, P.C., Charleston, South
Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attor-
ney, Miller W. Shealy, Jr., Assistant United States Attorney, Charles-
ton, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Jose Antonio Garcia appeals the 240-month sentence he received after pleading guilty to conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). On appeal, Garcia argues the district court erred by declining to award him an adjustment for acceptance of responsibility and by adjusting his sentence for possessing a dangerous weapon. Finding no error, we affirm.

The denial of an adjustment for acceptance of responsibility is a factual determination reviewed for clear error. *United States v. Miller*, 77 F.3d 71, 74 (4th Cir. 1996). In all but extraordinary cases, a defendant who receives an enhancement in his sentence for obstruction of justice is ineligible for a reduction for acceptance of responsibility.* *U.S. Sentencing Guidelines Manual* § 3E1.1, comment. (n.4) (2000).

After Garcia pled guilty, he fled to Costa Rica and subsequently fought extradition. Garcia argues the district court stated it was precluded from awarding an adjustment under the guidelines. We have reviewed the record and are satisfied the district court recognized its ability to award an adjustment in an appropriate case. We find no error in the district court's decision not to apply the § 3E1.1 adjustment.

Garcia also argues that the district court erred in applying a two-level enhancement for possession of a dangerous weapon under USSG § 2D1.1(b)(1). The determination that a weapon enhancement is warranted is a factual question subject to clear error review. *United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990).

---

*Garcia did not challenge the district court's imposition of an adjustment for obstruction of justice.

The district court imposed the adjustment based on two weapons found in Garcia's home during a seizure of approximately 300 grams of cocaine. The proximity of a gun to illicit narcotics generally warrants the enhancement. *United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997). Contrary to Garcia's arguments, *United States v. McAllister*, 272 F.3d 228, 234 (4th Cir. 2001), is factually distinguishable because unlike in *McAllister*, the weapons found in Garcia's home were in both temporal and spatial proximity to the drugs. We find the district court did not clearly err in imposing the adjustment.

We grant Garcia's motion to file a pro se supplemental brief. Garcia argues the denial of a downward departure under USSG § 5K1.1 or § 5K2.0 violated his right to due process because the district court recognized that he provided substantial assistance and his was an extraordinary case. The Government did not move for a departure under USSG § 5K1.1 and Garcia does not allege the Government had an unconstitutional motive. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994).

Garcia also claims he is entitled to a three-point adjustment for acceptance of responsibility, and he attempts to explain why the firearms were in his possession. Based on our review of the record, these claims do not warrant relief.

We affirm Garcia's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*