UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                        No. 01-4757

JOSE YSABEL BENITES-CORREA,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-00-20-V)

Submitted: July 23, 2002

Decided: August 13, 2002

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Eric A. Bach, Charlotte, North Carolina, for Appellant. Brian Lee Whisler, Robert Jack Higdon, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jose Benites-Correa appeals his conviction and the sentence imposed by the district court following his guilty plea to drug trafficking pursuant to 21 U.S.C.A. §§ 841, 846 (West 1999). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Benites-Correa has filed a pro se supplemental brief. Finding no reversible error, we affirm.

On appeal, Benites-Correa contends his Fed. R. Crim. P. 11 plea hearing was inadequate and that his plea was therefore involuntary and unknowing. In light of the magistrate judge's thorough plea colloquy, we find Benites-Correa was fully aware of his rights and the consequences of his plea, and that his plea was knowing and voluntary.

Benites-Correa next contends the district court abused its discretion in accepting his plea because there was no factual basis for it. A careful review of the record shows a sufficient factual basis for Benites-Correa's guilty plea. Thus, we find the district court did not abuse its discretion in accepting Benites-Correa's plea.

Benites-Correa also contends the district court erred in calculating his sentencing guidelines range. We find no error in the district court's calculations.

Finally, in his pro se supplemental brief, Benites-Correa contends the Government breached a verbal plea agreement by failing to move for a reduction in sentence pursuant to *U.S. Sentencing Guidelines Manual* § 5K1.1 (2000). Because Benites-Correa failed to object at the time of sentencing, review is for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). Because the record shows the Government retained the discretion to request a USSG § 5K1.1 or Rule 35 reduction, and Benites-Correa failed to allege an unconstitutional motive for the failure to do so, we find no error, plain or otherwise. *See United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1984).

Pursuant to *Anders*, we have reviewed the record and find no error. Accordingly, we affirm Benites-Correa's sentence and conviction.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*