**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MELVIN FRANKLIN MULL, a/k/a B. J. Mull, a/k/a Melvin Franklin, a/k/a Eugene Moore, a/k/a Brian Jason Mull,

*Defendant-Appellant.*

No. 02-4216

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-99-60-V)

Submitted: August 29, 2002

Decided: September 9, 2002

Before WILLIAMS, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Patricia L. Riddick, PATRICIA L. RIDDICK, P.L.L.C., Mooresville, North Carolina, for Appellant. Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Melvin Franklin Mull appeals his conviction and 188-month sentence for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2000). Mull's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), alleging there are no meritorious issues on appeal, but raising two claims on Mull's behalf. Although Mull was informed of his right to file a supplemental brief, he has not done so. We affirm.

First, Mull contends the prosecutor engaged in misconduct by refusing to move for a downward departure based on substantial assistance. When, as in this case, the plea agreement accords the Government "sole" discretion whether to file a substantial assistance motion, the defendant generally may not complain about the failure to file such a motion. *See United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994). The decision not to file a motion is reviewable if the defendant makes a substantial threshold showing that the Government's discretionary decision was unconstitutional. Because Mull has never even claimed, much less made the required showing, that the Government's decision was based on an unconstitutional motive or that it was not rationally related to a legitimate governmental purpose, we refuse to review his claim. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992).

Second, Mull claims that his trial attorney was ineffective for failing to seek a downward departure. Because ineffective assistance of counsel does not conclusively appear on the face of the record, we will not address that claim on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm

Mull's conviction and sentence. We require that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*