**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4000**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY ALEXANDER RUSH,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (CR-99-86)

---

Submitted: May 13, 2004            Decided: May 19, 2004

---

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Helen Eckert Phillips, Stanardsville, Virginia, for Appellant. Morgan Eugene Scott, Acting United States Attorney, Roanoke, Virginia, Jean Barrett Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Alexander Rush pleaded guilty to conspiracy to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (2000). The Government filed an information pursuant to 21 U.S.C. § 851 (2000). Rush was sentenced to 240 months incarceration, ten years supervised release, and a $100 special assessment. His attorney has filed an appeal under Anders v. California, 386 U.S. 738 (1967), raising five issues but asserting there are no meritorious claims on appeal. Rush filed a supplemental informal brief in which he joins three of these issues.

First, Rush alleges the sentencing parameters in the written plea agreement were changed without his knowledge. Rush was informed of the mandatory minimum sentence of twenty years during the Fed. R. Crim. P. 11 hearing, and Rush indicated his understanding of the minimum term. We find Rush was properly informed of the sentencing parameters.

Next, Rush asserts he did not receive copies of the discovery material but instead received written summaries from counsel, and the Government's prosecution of him was malicious because the Government lacked probable cause. Rush and his co-defendants were video-recorded making numerous sales to an uncover agent who testified at the Rule 11 hearing detailing the purchases made from Rush and his co-defendants. The Government possessed

- 2 -

probable cause to charge Rush with conspiracy to distribute cocaine base. Rush's acknowledgment of his guilt at the Rule 11 hearing demonstrates Rush acknowledged sufficient evidence existed to convict him of the conspiracy despite not having all the discovery materials in his possession.

Rush alleges his trial counsel provided ineffective assistance. We review this claim to assess whether the record conclusively establishes Rush's trial counsel was ineffective. We hold the record does not conclusively establish Rush's trial counsel was ineffective. We deny relief on this claim without prejudice to Rush's ability to allege ineffective assistance on collateral review. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

Finally, Rush asserts the Government failed to move for a downward departure pursuant to United States Sentencing Guidelines Manual § 5K (2002) despite the assistance he provided. When, as in this case, the plea agreement accords the Government sole discretion whether to file a substantial assistance motion, the defendant generally may not complain about the failure to file such a motion. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). Rush identifies no exception to this rule that would apply to his case. Therefore, we find no error.

Accordingly, we affirm Rush's conviction and sentence. We deny counsel's motion to withdraw.  In accordance with <u>Anders</u>, we have reviewed the entire record in this case and find no other meritorious issues for appeal.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>