<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4226**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

FREDDIE LEE HANSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:10-cr-00186-FDW-1)

Submitted: September 27, 2012     Decided: October 1, 2012

Before MOTZ, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henderson Hill, Director, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Ann L. Hester, Assistant Federal Defender, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freddie Lee Hanson appeals from the 120-month mandatory minimum sentence imposed after he pleaded guilty without a plea agreement to conspiracy to distribute crack cocaine and three counts of possessing with intent to distribute crack cocaine. Counsel has filed an Anders v. California, 386 U.S. 738 (1967), brief asserting that there are no meritorious issues but raising the issue of whether the district court erred in failing to grant a downward departure below the statutory minimum based on Hanson's assistance to the Government. Finding no error, we affirm.

The Government declined to file a U.S. Sentencing Guidelines Manual § 5K1.1 (2010) motion for substantial assistance but recommended a sentence at the low end of the Guidelines range. A defendant subject to a statutory minimum may be sentenced below the minimum only upon motion of the Government. 18 U.S.C. § 3553(e) (2006). It is within the Government's sole discretion to file a § 5K1.1 motion. See Melendez v. United States, 518 U.S. 120, 129-30 (1996); United States v. Allen, 450 F.3d 565 (4th Cir. 2006). This may not be reviewed unless the Government's refusal is based on an unconstitutional motive or is not rationally related to a legitimate government objective. Wade v. United States, 504 U.S. 181, 184-87 (1992). The decision may also be reviewed

2

if the plea agreement states that the Government will file a motion. United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). Hanson does not argue that any of these exceptions apply and we do not find a basis to review the Government's decision. Therefore, the court could not sentence Hanson below the mandatory statutory minimum. See 18 U.S.C. § 3553(e).

Hanson has not filed a pro se supplemental brief. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Hanson's convictions and sentence. This court requires that counsel inform Hanson, in writing, of the right to petition the Supreme Court of the United States for further review. If Hanson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hanson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED