**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4479**

———————

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

DERRICK JERMAINE MCGEE, a/k/a Snake,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior
District Judge.  (6:11-cr-02026-GRA-5)

———————

Submitted:  December 18, 2012       Decided:  December 28, 2012

———————

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas J. Quinn, Greenville, South Carolina, for Appellant.
William N. Nettles, United States Attorney, E. Jean Howard,
Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Jermaine McGee appeals the district court's judgment imposing a 120-month sentence following McGee's guilty plea to conspiracy to possess with intent to distribute and to distribute 280 grams or more of cocaine base and 5 kilograms or more of cocaine. On appeal, McGee contends that the district court committed procedural sentencing error by failing to hold an evidentiary hearing to determine whether the Government improperly refused to seek a downward departure for substantial assistance.

Because McGee did not request an evidentiary hearing on this matter in the district court, we review for plain error the district court's failure to sua sponte hold an evidentiary hearing. See United States v. Olano, 507 U.S. 725, 732 (1993). To establish plain error, McGee must show (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights. Id. If these requirements are met, we will notice the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and alteration omitted).

Generally, the government has sole discretion to determine whether to file a substantial assistance motion. See United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). According to this circuit's well-settled precedent, a district

2

court lacks the authority to review a prosecutor's failure to file a substantial assistance motion, or to grant a departure for such assistance in the absence of a motion, unless (1) the motion is required by an express provision of the plea agreement, or (2) the prosecutor's refusal is based on an unconstitutional motive or not rationally related to any legitimate government end. See Wade v. United States, 504 U.S. 181, 186-87 (1992); United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). If the defendant fails to make "'a substantial threshold showing'" of one of these bases, "he is 'not entitled to a remedy or even to discovery or an evidentiary hearing.'" Wallace, 22 F.3d at 87 (quoting Wade, 504 U.S. at 186) (internal alterations omitted).

While McGee encourages this court to adopt the Second Circuit's "quasi-contractual" approach to substantial assistance motions, his request for a more searching standard of review is flatly contradicted by our observation that "[t]his court has followed the Supreme Court's lead and strictly interpreted the Wade exceptions, holding that the decision not to make a downward departure motion is properly within the [G]overnment's discretion." Butler, 272 F.3d at 686. Because McGee advocates a change in the law, the district court's failure to anticipate such a change and to sua sponte hold an evidentiary hearing under the Second Circuit standard could not amount to plain

3

error.  See United States v. Chong Lam, 677 F.3d 190, 201 (4th Cir. 2012) ("An error is plain when it is obvious or clear under current law." (internal quotation marks omitted)).  In any event, the record simply provides no nonspeculative basis to conclude that the Government's failure to seek further assistance from McGee was in any way based on an improper motive or bad faith, including any decision by the Government not to seek further assistance from McGee prior to, or at the time of, the plea agreement.

Applying the Wade standard, we conclude that McGee cannot demonstrate entitlement to an evidentiary hearing. McGee's plea agreement clearly vested in the Government the discretion to determine whether McGee provided substantial assistance.  The agreement places no obligation on the Government to seek McGee's assistance in any particular fashion or to any particular degree.  Thus, McGee cannot demonstrate that the Government was required to seek a substantial assistance motion under the agreement's terms.  See United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994) (holding that the government is bound only to promises actually made to the defendant in a plea agreement).

Likewise, there is no evidence to suggest that the failure to move for a downward departure resulted from an unconstitutional motive.  Additionally, although McGee was

4

available to provide assistance as requested by the Government, he does not demonstrate that he, in fact, provided such assistance. Thus, McGee has failed to make a substantial showing that the Government's refusal to file a substantial assistance motion was not rationally related to any legitimate government end.

Because McGee did not make the requisite showing required by Wallace and Wade, we conclude that the district court did not err, plainly or otherwise, in refusing to hold an evidentiary hearing to investigate the Government's motives. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5