**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4648**

───────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

SALVADOR VARGAS TORRES, a/k/a Chava,

          Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:11-cr-00003-RJC-19)

───────────

Submitted: April 25, 2014          Decided: May 12, 2014

───────────

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

John J. Cacheris, LAW OFFICE OF JOHN J. CACHERIS, P.C., Charlotte, North Carolina, for Appellant. William A. Brafford, Assistant United States Attorney, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Salvador Vargas Torres appeals his conviction and sentence for conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846. Torres pled guilty pursuant to a written plea agreement and was sentenced to 170 months' imprisonment and five years of supervised release. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in light of Torres' waiver of his right to appeal, there are no meritorious issues for appeal, but questioning whether the Government wrongfully declined to file a motion for a downward departure based on substantial assistance and whether the district court erred in applying a four-level sentencing enhancement for Torres' role in the offense. Torres has not filed a supplemental pro se brief, despite notice of his right to do so. We affirm Torres' conviction and sentence.

Although counsel is correct that Torres' plea agreement contained an appellate waiver, the Government has not sought to enforce the waiver in this case. Accordingly, we conduct a full review of the record as required by Anders. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) ("If an Anders brief is filed, the government is free to file a responsive brief raising the waiver issue (if applicable) or do

2

nothing, allowing this court to perform the required Anders review.").

Counsel first questions the Government's failure to move for a downward departure pursuant to U.S. Sentencing Guidelines Manual (USSG) § 5K1.1, despite the assistance Torres provided. When, as in this case, the plea agreement accords the Government sole discretion whether to file a substantial assistance motion, the defendant generally may not complain about the failure to file such a motion. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). The record identifies no exception to this rule that would apply in this case. Therefore, we find no error.

Counsel next questions whether the district court erred in applying a four-level enhancement for Torres' role in the offense. The Sentencing Guidelines provide that a four-level enhancement applies "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). We review for clear error the district court's factual finding that a defendant is an organizer or leader in the offense. United States v. Cameron, 573 F.3d 179, 184 (4th Cir. 2009). Reversal for clear error is warranted only when we are left with the "definite and firm conviction that a mistake has been

committed." <u>United States v. Harvey</u>, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted).

Here, the testimony presented at sentencing establishes that the criminal activity involved at least five participants and that Torres exercised a leadership role by distributing drugs through several coconspirators and supervising some of their drug sales. Thus, the district court did not clearly err in finding Torres to be an organizer or leader in the conspiracy and in applying the four-level enhancement of USSG § 3B1.1(a).

In accordance with the requirements of <u>Anders</u>, we have examined the entire record and have found no meritorious issues. We therefore affirm the district court's judgment. This Court requires that counsel inform Torres, in writing, of the right to petition the Supreme Court of the United States for further review. If Torres requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Torres.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before this Court and argument would not aid the decisional process.

AFFIRMED