**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-6557**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

TRAVIS LEMONT BARKSDALE,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:08-cr-00382-BO-1)

———————

Submitted: October 10, 2014          Decided: October 21, 2014

———————

Before KING, AGEE, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Travis Lemont Barksdale, Appellant Pro Se. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Lemont Barksdale appeals the district court's order denying his pro se motion filed on January 9, 2014. We have reviewed the record and find no reversible error.

In the absence of a Government motion, a district court may not grant a downward departure based on substantial assistance "unless (1) the [G]overnment has obligated itself in a plea agreement to move for such a departure, or (2) unless, in the absence of such an obligation, it is shown that the government's refusal or failure so to move 'was based on an unconstitutional motive.'" United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994) (citations omitted) (quoting Wade v. United States, 504 U.S. 181, 185–86 (1992)). "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to . . . an evidentiary hearing. Nor would additional but generalized allegations of improper motive." Wade, 504 U.S. at 186; see also United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991) (noting party alleging breach has "the burden of proving, by a preponderance of the evidence, that the [G]overnment breached the agreement").

In this case, as the district court correctly determined, the Government already moved for a reduction in Barksdale's case based on his substantial assistance. The Government did not obligate itself in the plea agreement to move

for a further reduction under Rule 35(b) of the Federal Rules of Criminal Procedure. Moreover, Barksdale has failed to make any showing that the Government's failure to make such a motion was based on an unconstitutional motive.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED